JULIA LAVERNIA MEAGLEY, as Executrix, etc., Respondent, *v.* JOEL S. HOYT, as Survivor, etc., Appellant.

(Argued February 4, 1891; decided Febuary 24, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made November 15, 1887, which affirmed a judgment in favor of plaintiff and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for a breach of warranty alleged to have been made on sales of tallow purchased of the defendants by Roswell H. Meagley, the original plaintiff, the present plaintiff's testator, a soap manufacturer. After trying five barrels, which were sent as a sample and found to be pure, defendant used large quantities of other tallow. The fact that some of the tallow used was not pure was discovered by the presence of a large and unusual amount of sediment in the soap kettles; 122 barrels of defendant's tallow had then been previously used, two barrels out of a shipment of twenty-two barrels were experimented on and discovered to be adulterated with sand. The adulteration, as estimated by the plaintiff's witnesses, was ten to twenty-eight per cent of the tallow adulterated. No other test was made

of any part of the tallow. Upon being notified, defendants offered to take back all of their tallow Meagley then had on hand and pay him back what he had paid for it. Plaintiff and his witnesses testified that the impureties were easily dis-coverable. The court charged the jury that they were author-ized to find upon the evidence that all the tallow sold by the defendants to Meagley, except the sample, was adulterated, and to award such damages as they should determine he had suf-fered between ten and thirty per cent of the gross amount of the sales, and that in determining the quantity that had been adulterated the jury might take into consideration the fact that defendant had omitted to go on the witness stand and deny the fact of adulteration, and draw such inferences therefrom as to the extent of the adulteration as they should think proper. These directions were excepted to. The jury rendered a verdict in favor of plaintiff, the amount showing that they allowed for twenty-eight per cent depreciation on the tallow delivered, except the first five barrels.

The court say : " We are of the opinion that the exceptions to the charge referred to were well taken. So far as the one hundred and twenty-two barrels, which had been used before adulteration was discovered, are concerned, there was no evidence whatever that they were adulterated; but, on the contrary, there was affirmative evidence that a large proportion thereof was free from the admixture of any foreign substance. With reference to the balance of the tallow, there was no positive evidence that any of it was adulterated, except about three barrels. The charge was equivalent to an instruction that the jury could find a verdict for damages which were wholly unproved, and presumptively not suffered, and that any defect in such proof was supplied by the omission of the defendants to establish affirmatively that their tallow was free from foreign substances. This was so manifestly erroneous that it needs no argument to establish the error. (*Leeds* v. *Metropolitan Gas Light Co.*, 90 N. Y. 26.)

" It is an invariable rule that the burden of proof lies upon the plaintiff to establish his cause of action, and we know of no circumstance which excuses him from this obligation and imposes the duty upon the defendants of proving that the

alleged cause of action did not exist. The plaintiff may, of course, rest upon a *prima facie* case; but this requires the proof, at least, of some circumstances from which the existence of the actionable facts may be legitimately inferred. There is no such evidence in this case, and for the errors in the charge the judgment must be reversed.

" The defendants also attempted to raise the question whether the plaintiff had not precluded himself from maintaining an action for damages by accepting and using the property, both before and after knowledge that a part of it was not tallow, but this has been done so imperfectly that we doubt whether the question has been properly raised. There was probably enough in the evidence to raise the question whether the plaintiff was not bound, upon the contract of sale, to inspect the goods bought upon their receipt by him, and, unless there was some latent or conceded defect in them, was barred of his action by their acceptance. (*Coplay Iron Co.* v. *Pope*, 108 N. Y. 236; *Studer* v. *Bleistien*, 115 id. 316; *Mayer* v. *Dean*, Id. 556.)

" Without considering this question, however, we are of the opinion that the judgments of the courts below should be reversed and a new trial ordered, with costs to abide the event."

*Homer Weston* for appellant.

*Clark & Brown* for respondent.

RUGER, Ch. J., reads for reversal and new trial.
All concur.
Judgment reversed.  _____