## AUGUSTA LANE, ADMINISTRATRIX, *vs.* THE AJAX RUBBER COMPANY.

Third Judicial District, Bridgeport, April Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

A master is not responsible for the negligence of his servant while the latter has departed from his employment and is engaged upon his own private concerns.

No presumption that the servant was engaged upon the master's business arises from the mere fact that at the time of the alleged injury the automobile in question was owned by the master and at other times was driven by the servant in his master's business.

In the absence of any basis whatever in the record for such an inference, this court will not assume that the jury believed a witness had testified falsely.

Argued April 12th—decided May 3d, 1923.

ACTION to recover damages for negligently killing the plaintiff's intestate, brought to the Superior Court in New Haven County and tried to the jury before *Banks, J.;* the jury returned a verdict for the plaintiff for $3,000, which the trial court set aside as against the evidence, and from this decision the plaintiff appealed. *No error.*

*Samuel E. Hoyt,* with whom, on the brief, was *Edward J. Stanford,* for the appellant (plaintiff).

*James D. Hart,* with whom, on the brief, was *William Carrig,* for the appellee (defendant).

PER CURIAM. The court set aside the verdict because the driver of defendant's car at the time of the accident was not acting within the scope of his employment. The plaintiff's case depended upon the testimony of the driver whom the plaintiff put on the

stand, who testified that at the time of the accident he was driving a car of defendant which he was accustomed to use in the course of his employment. On his cross-examination by defendant's counsel, he testified that at the time of the accident he had departed from his employment and was engaged upon his own matters, unconnected with his employment. There was no evidence in contradiction of this, and nothing whatever in the record to indicate that the witness was untrustworthy. The plaintiff's counsel makes the claim that it was the province of the jury to believe or disbelieve the witness when he said he was engaged upon his own business at the time of the accident, and that the court cannot substitute its finding for that of the jury. Assuming that the jury did disbelieve the witness in this particular, they had no evidence whatsoever before them from which they could find that the witness was in fact engaged upon the defendant's business at the time of the accident. No presumption of this fact arises out of the mere proof that the car was owned by the defendant and at other times was used by the witness in the business of the defendant; and this is all of the evidence upon this point. *Hartnett* v. *Gryzmish*, 218 Mass. 258, 105 N. E. 988; *Adomaitis* v. *Hopkins*, 95 Conn. 239, 111 Atl. 178.

Further, under the circumstances of this case, the jury cannot be assumed to have reached a conclusion that the witness testified falsely, when the record does not furnish any basis for such an inference.

No other course was open to the trial court than to set this verdict aside.

There is no error.