SALVATORE CUPO ET AL. *vs.* ROYAL INSURANCE COMPANY.

Third Judicial District, Bridgeport, October Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

The trial court set aside a verdict for the plaintiffs on the ground that the jury could not reasonably have found that they had given to the defendant insurance company the "forthwith notice" of the theft of their automobile, required by the policy upon which the action was brought, and on the further ground that the evidence did not reasonably establish compliance with another condition of the policy, that a signed and sworn proof of loss be submitted within sixty days. One of the plaintiffs testified that he signed a written notice of the theft immediately after its occurrence and

Cupo *v.* Royal Ins. Co.

saw it mailed to the defendant's agent in Rhode Island by an employee of the concern from which the car had been purchased; and that, about two weeks later, he was visited by a stranger who introduced himself as defendant's representative, displayed the notice which had been mailed to Rhode Island, and then wrote down this plaintiff's answers to questions concerning the theft upon a paper which he described as a proof of loss and which he took from a bag filled with papers bearing the defendant's emblem. *Held:*—

1. That upon this evidence the jury were warranted in finding that the "forthwith notice" was in fact given.

2. That the ruling of the trial court concerning the proof of loss was erroneous, since the jury might reasonably have found, first, that the stranger assumed to act as the defendant's agent, as evidenced by his conduct and his statements, and second, that he was in fact the defendant's agent, as evidenced by his possession of the "forthwith notice" and the papers bearing the defendant's emblem.

3. That the probative force of the plaintiffs' evidence was enhanced by the failure of the defendant to offer any proof concerning the fact of agency, which was peculiarly within its knowledge.

4. That the acceptance by the defendant's agent of an unsworn proof of loss estopped it from making the claim that such a proof was defective.

All evidence is to be weighed according to the proof which is within the power of the one side to produce and in the power of the other to contradict.

An estoppel *in pais* may be proved though it is not pleaded.

Argued October 30th—decided December 12th, 1924.

ACTION to recover the amount of a loss under a policy of insurance issued by the defendant against the theft of the plaintiffs' automobile, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Simpson, J.;* verdict for the plaintiffs, which the trial court, upon motion of the defendant, set aside, and from this decision the plaintiffs appealed. *Error; judgment to be rendered upon the verdict.*

*Charles S. Hamilton* and *William J. Carrig,* for the appellants (plaintiffs).

*Lawrence A. Howard,* for the appellee (defendant).

CURTIS, J. Upon the trial of this action to a jury, it was admitted by the pleadings that Field and Cowles (of Boston, Massachusetts) were the New England managers of the defendant, and John A. Gammons, an authorized resident agent at Providence, Rhode Island, and that they issued a policy of insurance to the plaintiffs against the theft of their Ford car. There was no controversy that the jury properly found that the plaintiffs owned the car and that on January 15th, 1922, while the policy was in force, the car was stolen from the plaintiffs.

In their complaint the plaintiffs alleged: "That on the sixteenth day of January, 1922, plaintiffs gave notice of the loss to said defendant, and within sixty days after said theft duly rendered the statement and proofs of loss referred to in and required by said policy, to said defendant, which were then received and have ever since been retained by it without objection, and the plaintiffs before the commencement of this action have duly performed all the conditions of the said policy of insurance on their part to be performed, that more than sixty days have elapsed before the commencement of this action since the receipt by defendant of due notice, ascertainment, estimate and satisfactory proof of loss, in accordance with the terms and conditions of said policy, and that this action was commenced within twelve months from the said theft." These allegations the defendant denied. There was evidence offered and received as to all the disputed allegations of the complaint, and the jury rendered a verdict for plaintiffs to recover $517.47.

The court set aside the verdict because in its opinion under the evidence the jury could not reasonably have found that the allegations had been proved relating to

the giving of a forthwith notice of loss to the defendant, and as to the rendering of the statement and proof of loss required by the policy.

The policy contained the following provision: "In the event of loss or damage, the assured shall give forthwith notice thereof in writing to the company, and within 60 days after such loss, unless such time is extended in writing by this company, shall render a statement to this company signed and sworn to by the assured, stating the place, time and cause of the loss or damage, the interest of the assured and all others in the property, the sound value thereof, and the amount of loss or damage thereon, all encumbrances thereon, and all other insurance whether valid or not, covering said property."

The evidence relating to the giving forthwith notice of loss in writing to the company, was to this effect: that such notice was prepared in writing and mailed to John A. Gammons, the authorized resident agent of the defendant at Providence, Rhode Island, on January 16th, 1922. There was no serious question that the evidence was sufficient to justify the jury in finding that fact proved, and therefore this matter requires no discussion.

In relation to the provision as to proof of loss, requiring the insured to "render a statement to this Company signed and sworn to by the assured," etc., the trial court was of the opinion that the evidence was not such that the jury could reasonably have found that the proof of loss required by the policy had been given. The following is the testimony received relating to the subject of notice and proof of loss: The plaintiff Salvatore testified that on the morning after the car was stolen (January 15th, 1922), he went to the concern from which they purchased the car, and a woman employed by the concern made out in writing the

"forthwith notice" required by the policy, and he
signed it and saw it mailed; and that about the first
week in February following, a man unknown to him
came to his home claiming that he represented the
defendant. He had in his possession and displayed
the forthwith notice which had been mailed to Gam-
mons on January 16th, and he asked Salvatore to make
out a proof of loss. He said he came from Providence,
and that Gammons sent him. He had a bag filled with
papers, some were blue with the emblem of the Royal
Insurance Company on them, some had "proof of loss"
on them. Salvatore gave him a description of the loss
of the car. He filled out a paper which he said was a
proof of loss and Salvatore signed it. The man went
away with the paper and said he would let the plaintiffs
know in a short time. The paper he took was a proof
of the loss and theft of the car.

It is apparent that Salvatore could reasonably have
believed that this man called as the representative of
Gammons and hence of the defendant, in order to
procure a proof of loss. The plaintiffs on the trial relied
upon the proof of loss prepared by the man who repre-
sented himself to them as the defendant's agent; so
in order to establish their essential allegation as to
having furnished a proof of loss, there was primarily
presented to the trial court two facts for the plaintiffs
to prove: 1. That the man, who called on Salvatore,
assumed to represent the defendant and to have per-
formed acts relating to the proof of loss in behalf of
the defendant. 2. That the defendant or its authorized
agent was directly or indirectly connected with the acts
performed by the claimed agent in such a way as to
tend to prove that the claimed agent was in fact repre-
senting the defendant. 1 Mechem on Agency (2d Ed.)
§ 261; *Hill, Fontaine & Co.* v. *Helton*, 80 Ala. 528.
It is apparent that evidence may be admissible to prove

fact one, which would be irrelevant to prove fact two; as for instance, what the man said as to his representing the defendant. While theoretically, in a case like this, fact one is an independent fact and could be proved before fact two, the rule of law has been adopted requiring, ordinarily, a prima facie case of agency to be made out before proof is admitted of statements of the agent; we think the reason for this rule is applicable to a case like this because of the difficulty of jury or court separating evidence of fact one from evidence of fact two when once heard, for if fact one is proved first, the jury receives in its support declarations by the claimed agent as to his being the representative of the claimed principal, which would inevitably affect the jury in passing upon the evidence relating to fact two. The courts therefore ordinarily require fact two to be first proved, before evidence relating to fact one is received. *General Hospital Soc.*v. *New Haven Rendering Co.*, 79 Conn. 581, 65 Atl. 1065; *C. & C. E. Motor Co.* v. *D. Frisbie & Co.*, 66 Conn. 67, 33 Atl. 604.

Was there any evidence presented relevant to prove fact two, to wit, that the man who called actually was a representative of the company or of Gammons, its agent? In the evidence given by Salvatore, there are two facts testified to, which were relevant to prove fact two, to wit, "that the defendant or its authorized agent was directly or indirectly connected with the acts performed by the claimed agent in such a way as to tend to prove that the claimed agent was in fact the agent of the defendant." These two evidential facts were: (a) The claimed agent brought with him and displayed the "forthwith notice" which Salvatore had signed and seen mailed to Gammons about two weeks before; (b) he also had papers bearing the emblems of the defendant company, some being blank proofs of loss. Fact two can be proved by circumstantial evi-

dence, and these two evidential facts are relevant to prove that fact. 1 Mechem on Agency (2d Ed.) § 261. The possession by the claimed agent of the "forthwith notice" recently sent to Gammons, and of the official papers of the defendant, that is, papers bearing the emblem of the defendant, are facts which tend to prove that the bearer of these papers was so connected with the defendant and Gammons, its agent, as to tend to prove that he was representing them. There was, therefore, circumstantial evidence before the jury tending to prove the essential fact two.

There is another important. aspect of the matter, as it went to the jury. When the plaintiffs rested, the defendant offered no evidence. The plaintiffs were claiming, and the jury undoubtedly were told, that there was some circumstantial evidence in support of the claim that the claimed agent was in fact the agent of the company. The jury would know and the court would probably call to their attention the fact that the defendant, if the claimed agent was not in fact its agent, had it in its power to offer evidence to the effect that it never sent such claimed agent to Salvatore to get a proof of loss and never received a proof of loss. The failure by the defendant to offer such evidence is not evidence tending to show that it did send such claimed agent, or receive such proof of loss, but such failure adds to the probative force and absolute weight of the evidence by the plaintiffs. As has been said: "'It is certainly a maxim, that all evidence is to be weighed according to the proof which it was in the power of one side to have produced, and in the power of the other to have contradicted.'" Chamberlayne's Hand Book on Evidence, § 431. The jury could properly enhance the weight of the evidence offered by the plaintiffs as to the claimed agent being the actual agent of the defendant, because of the

failure of the defendant to offer proof which, if its claim is true, it must have had. The jury could reasonably have found proven fact one and fact two as set forth above.

The plaintiffs, reasonably believing that an authorized agent of the defendant had procured from Salvatore such a proof of loss as was satisfactory to it, rested content under such belief and made no further proof of loss signed and *sworn to* by them within the specified period. The jury found that the claimed agent was in fact the agent of the defendant, and that the defendant received such proof of loss as it required. The fact that its agent did not require Salvatore to swear to the proof of loss that it prepared, could not be urged by it in good conscience as a fatal defect in such proof of loss. By its conduct as found proved by the jury, it was estopped from making such claim. Such conduct creates an estoppel *in pais*. Such an estoppel can be proved without being pleaded. *Schaefer, Jr., & Co.* v. *Ely*, 84 Conn. 501, 505, 80 Atl. 775; *Bernhard* v. *Rochester German Ins. Co.*, 79 Conn. 377, 388, 65 Atl. 134; *Fish* v. *Smith*, 73 Conn. 377, 387, 47 Atl. 711; *Plumb* v. *Curtis*, 66 Conn. 154, 173, 33 Atl. 998; *Hawley* v. *Middlebrook*, 28 Conn. 527, 536. It is to be presumed that the court properly charged the jury as to the facts necessary to be found by the jury to create such an estoppel, and that the jury found such facts proved.

There can be no controversy that the jury could have reasonably found fact one proved under the evidence. In order to prove fact one, the testimony of Salvatore that the man who called upon him stated that he represented the defendant, had been sent by Gammons and that he prepared and had Salvatore sign a proof of loss, was admissible, and, if given credence, sufficient; but such statements were not admissible as tend-

ing to prove that the man was in fact the representative of the defendant or of Gammons.

There is error, the judgment is set aside, and the Court of Common Pleas is directed to render judgment upon the verdict.

In this opinion the other judges concurred.