DeMarey v. Brugas.

------

GEORGE DEMAREY vs. JOHN BRUGAS ET AL.

JAMES SCHOLAN vs. JOHN BRUGAS ET AL.

Third Judicial District, Bridgeport, October Term, 1925.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

The jury might have found from the evidence that as the driver of the automobile in which the plaintiffs were passengers approached and was about to enter the intersection of two streets, the defendant's motorbus appeared upon his right; and that he, observing the speed of the bus to slacken as though it was about to stop to discharge a passenger, continued into the intersection where his automobile was struck by the bus which, instead of stopping, had speeded up, after the passenger had alighted while it was in motion, and had proceeded rapidly into the intersection. *Held* that, upon this evidence, the jury could reasonably have reached the conclusion that the driver of the automobile, acting with reasonable care, could reasonably have believed that he might cross the intersection without risk of collision and that, therefore, he had the right of way over the defendant's bus.

Beyond the admission in the defendant's answer that it "operated a jitney bus line on Kossuth Street," the only proof that the vehicle in question was owned by the defendant and driven by its servant, consisted of evidence that, at the time of the accident, it was being operated as a jitney bus for the carriage of

DeMarey v. Brugas.

passengers on Kossuth Street, and that the defendant's name was painted on its side. *Held* that these facts, coupled with the admission in the answer, established a prima facie case of ownership and agency sufficient to support a recovery, especially in view of the fact that the defendant, by failing to produce any evidence upon these issues, which were peculiarly within its knowledge, had laid itself open to the full operation of the principle that all evidence is to be weighed according to the proof which it is within the power of one side to produce and in the power of the other to contradict.

Argued October 27th—decided December 23d, 1925.

ACTIONS to recover damages for personal injuries, alleged to have been caused by the negligence of the defendants, brought to the Superior Court in New Haven County and tried to the jury before *Hinman, J.;* verdict and judgment for the plaintiff DeMarey to recover $1,500 from the defendant The Gray Line Bus Corporation, and for the plaintiff Scholan to recover $200 from the same defendant, from which it appealed. *No error in either case.*

*Nathaniel R. Bronson* and *Richardson Bronson,* for the appellant (defendant The Gray Line Bus Corporation).

*Theobald E. Conway,* for the appellees (plaintiffs).

CURTIS, J. These two actions were brought by guests of the defendant Brugas, who were riding in his automobile driven by him, when it came into collision with a bus in the intersection of Kossuth and Clarence streets in Bridgeport. The complaints alleged that the bus was one of the busses of the Gray Line Bus Corporation; and that the collision occurred because of the negligence of Brugas and of the driver of the bus, as proximate causes of the collision, and the cases were tried together by consent of the parties. The Gray Line Bus Corporation moved that the verdicts against it should be set aside as against the evidence. The corporation makes two claims: (1) that under the evi-

dence the jury could not reasonably have found that the negligence of the driver of the bus was a proximate cause of the collision; and (2) that the jury could not reasonably have found that the bus which was involved in the collision was a bus of the defendant corporation or that the driver of the bus was its servant.

As to the first claim, there was evidence from which the jury could reasonably have found that the bus in question was at the time in question running northerly on the easterly side of Kossuth Street, engaged in carrying passengers, and was approaching Clarence Street, in the intersection of which with Kossuth Street the collision occurred; that as the bus approached Clarence Street it slackened its speed and was apparently about to stop to let a passenger alight; that as this occurred the driver of the automobile was about to enter such intersection on its westerly side from Clarence Street, and when the bus slackened its speed apparently to stop, the driver of the automobile proceeded into the intersection to cross Kossuth Street during the stoppage of the bus; that the driver of the bus, instead of stopping to let the passenger alight, merely slowed up and the passenger alighted from the forward easterly side of the bus while it was in motion, and the driver of the bus thereupon started forward and drove rapidly into the intersection, and the bus struck the automobile near the right-hand rear wheel and overturned it.

Under such circumstances the jury could reasonably have found that the automobile had the right of way into the intersection, since under the apparent situation, the driver of the automobile, acting with reasonable care, could reasonably have believed that he could proceed across the intersection without risk of collision. *Neumann* v. *Apter,* 95 Conn. 695, 112 Atl. 350. The defendant's first ground for setting aside the verdict is not sustainable.

We proceed to consider the defendant's second claim. Could the jury reasonably have found that the bus in question was the bus of the Gray Line Bus Corporation and its driver a servant of that corporation?

The Gray Line Bus Corporation admitted in its answer that "on December 1st, 1923 [the day of the collision], and a long time prior thereto," it "operated a jitney bus line on Kossuth Street." The jury could reasonably have found that the bus in question was being operated on Kossuth Street as a jitney bus, in that it stopped at the corner of Sterling Street to discharge passengers and slowed up at Kossuth Street to permit a passenger to alight; and that it bore upon its body the marking reading Gray Line Bus Company or something like that. These facts, coupled with the admitted fact, establish a prima facie case that the bus in question was a bus of the defendant corporation and was then being driven in its ordinary operation as a jitney bus and by a servant of the defendant corporation.

Under analogous circumstances, it was held in *Howell* v. *Mandelbaum & Sons,* 160 Iowa, 119, 120, 140 N. W. 397, as appears by the headnote, that "where it appeared that defendant was engaged in the mercantile business and the vehicle by which the plaintiff was struck and injured was a delivery wagon with the defendant's name painted thereon, while possibly but slight evidence of ownership, was sufficient to make a prima facie case, and in the absence of any showing to the contrary, to take the issue of ownership to the jury; and it will also be presumed [inferred] that the person in possession of the wagon at the time of the accident was acting for the owner rather than for himself."

When a prima facie case is made out, then there comes into full operation the maxim cited in *Cupo* v.

*Royal Ins. Co.*, 101 Conn. 586, 592, 126 Atl. 844: " 'That all evidence is to be weighed according to the proof that it was in the power of one side to have produced, and in the power of the other to have contradicted.' " Even if we deem the evidence of the ownership of the bus, and of the fact that the driver of it was the servant of the defendant, slight, yet it is apparent that the weight of this evidence is vastly enhanced by the fact that the defendant bus company did not attempt to establish the contrary.

The defendant corporation could have readily established the facts, if true, that the bus was not its bus or a bus being used by it in conducting its jitney business on Kossuth Street, and that the driver was not its servant.

As to the effects of the nonproduction of available evidence by a defendant, especially after a prima facie case has been established, see also Wigmore on Evidence, Vol. 1 (2d Ed.) § 285. There was no error on the part of the court in denying the motions to set aside the verdicts in these cases.

There is no error in either case.

In this opinion the other judges concurred.