JOHN VOEGELI *vs.* THE WATERBURY YELLOW CAB COMPANY.

ETHEL VOEGELI *vs.* THE WATERBURY YELLOW CAB COMPANY.

Third Judicial District, Bridgeport, April Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued April 8th—decided May 9th, 1930.

*William T. Keavney, Jr.,* with whom, on the brief, was *John H. Cassidy,* for the appellant (defendant).

*James M. Lynch,* with whom, on the brief, was *Edward F. Sweeney,* for the appellees (plaintiffs).

BANKS, J. These two actions which were tried together were brought by the plaintiffs, husband and wife, who were riding in an automobile driven by the husband when it came into collision with a taxicab in the intersection of Benedict and West Liberty Streets in Waterbury. The complaints alleged that the taxicab was owned and operated by the defendant and that the collision occurred because of the negligence of its driver. The conclusion of the trial court that the negligence of the driver of the taxicab was the sole cause of the collision is supported by the facts found, and no correction of the finding which could justifiably be

made would materially affect such conclusion. The defendant contends that the plaintiffs failed to prove that it was the owner of the cab involved in this accident, and that the cab was being operated by its servant and agent. It claims that the court's conclusion to that effect could not legally and logically be drawn from the subordinate facts found, seeks a correction of the finding as to certain of those facts and attacks the rulings of the court admitting evidence offered to prove such facts.

The defendant seeks to have stricken out the finding that the yellow cab involved in the accident had the name of the defendant company painted on its side. The plaintiff John Voegeli testified that the car with which he came into collision was a yellow taxicab and had the name of the Yellow Cab Company on it. The full name of the defendant is The Waterbury Yellow Cab Company, but in the absence of any claim that there was any other company operating yellow cabs in the city of Waterbury, the court was justified in its conclusion from this evidence that the defendant's name appeared upon this cab. The court also found that the defendant's Waterbury business was in charge of one Christie, who shortly after the accident called on the plaintiff John Voegeli and discussed the matter with him. These facts, taken together, were sufficient to establish a prima facie case that the yellow cab belonged to the defendant and was being driven in its ordinary operation by the servant of the defendant which it was within the power of the defendant to have contradicted if such were not the case. *Ezzo* v. *Geremiah,* 107 Conn. 670, 676, 142 Atl. 461; *DeMarey* v. *Brugas,* 103 Conn. 667, 131 Atl. 392; *Cupo* v. *Royal Ins. Co.,* 101 Conn. 586, 593, 126 Atl. 844. The finding is not subject to any material correction and supports the conclusions of the trial court that the yellow cab

involved in the accident belonged to the defendant, and was being operated by its servant and agent.

John J. Bergin, a witness called by the plaintiff, was asked if he knew Louis Christie and what his position was, and replied, "He is manager here." The defendant objected to these questions but did not state the ground of its objection (Practice Book, p. 276, § 151) and cannot make his objection a ground of appeal for reasons subsequently developed and which were not before the court at the time of the ruling. *Welbrot* v. *Levenberg*, 98 Conn. 217, 225, 118 Atl. 911. The evidence of the plaintiff John Voegeli that Mr. Christie, the manager of the defendant, called upon him shortly after the accident, discussed it with him, and admitted that the Yellow Cab Company owned the cab that was in the accident was properly admitted.

The plaintiff offered in evidence the report of Peter Irrapino to the Motor Vehicle Commissioner covering an accident at the corner of Liberty and Benedict Streets in Waterbury on September 17th, 1928, which was admitted over the defendant's objection as plaintiff's Exhibit E. The defendant claims that the report was offered and received in evidence, not to prove how the accident happened, but to prove the agency of the driver of the cab, and that it was inadmissible for such purpose. In its request for a finding based upon the claimed improper admission of this exhibit the defendant, in compliance with the rule, set forth the proceedings in connection with the ruling, for the purpose of showing the circumstances under which it was made. These were omitted from the statement of the ruling in the finding, and the defendant's motion to correct the finding by substituting the statement contained in its draft-finding is granted. From this it clearly appears that this report, Exhibit E, was offered for the purpose of proving that Irrapino was driving

the cab as the servant and agent of the defendant and that it was admitted as evidence of that fact. This was error. Section 18 of Chapter 195 of the Public Acts of 1925, in force when this cause of action arose, required the operator of any motor vehicle involved in an accident resulting in personal injury or damage to property in excess of $10 to make a written report of the circumstances thereof to the Commissioner of Motor Vehicles. As we pointed out in *Ezzo* v. *Geremiah,* 107 Conn. 670, 679, 142 Atl. 461, there is a wide difference between a report made by a private citizen to a public officer, though made compulsory by statute, and one made by a public official in the performance of his duty. Reliance can safely be placed upon the action of the public official acting under the sanction of his office, which is not true in the case of a report made by a private citizen. We accordingly held in that case that the report required of the operator of a motor vehicle under this statute, which does not make the report prima facie evidence of the truth of the facts stated in it, is not admissible in evidence upon the ground that it is made in pursuance of a duty imposed by statute. In that case the operator of the car was the son of the defendant and his agent in the operation of the car, and a certified copy of his report to the Commissioner of Motor Vehicles was offered as a declaration by him as to how the accident happened. We held that the duty to make the report was a part of his agency, that in making the report he was acting as the defendant's agent, and that the report was admissible as a declaration made in the course of his agency. In the present case the report was offered and received in evidence in proof of the very fact of the agency, the existence of which fact must first be shown in order to make the report admissible against the defendant. It is elementary that agency cannot be proved by the statements of

the agent. *Commercial Investment Trust, Inc. v. Carrano,* 104 Conn. 302, 310, 132 Atl. 370; 1 Mechem on Agency (2d Ed.) § 285. The error in the admission of this report cannot be considered harmless since it may well have been decisive of the vital issue in the case.

Since there must be a new trial it is unnecessary to consider the claimed errors in connection with the evidence of damages in the case of Ethel Voegeli.

There is error and a new trial is ordered in both cases.

In this opinion the other judges concurred.