THE MIDDLETOWN TRUST COMPANY, ADMINISTRATOR
(ESTATE OF ANTONIO SCIRPO) *vs.* SIMON
BREGMAN ET AL.

SALVATORE RUFFINO *vs.* SIMON R. BREGMAN ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 12th—decided July 16th, 1934.

*Samuel H. Ritt,* for the appellant (defendant Metzger).

*Israel Poliner,* with whom was *Leonard O. Ryan,* for the appellees (plaintiffs).

BANKS, J.   An automobile operated by the named defendant and owned by the defendant Metzger struck and killed the plaintiff's decedent, Antonio Scirpo, and seriously injured the plaintiff Ruffino.   The two actions were tried together, and the defendant Metzger appeals from the judgment against him in each case.

In the Middletown Trust Company case the complaint alleged that the automobile owned by Metzger was a family car and was being operated by Bregman with general authority to drive it.   The trial court found that the plaintiff had failed to establish that the car was a family car with general authority in Bregman to operate it, but did find that at the time of the accident it was being operated by Bregman as the agent of Metzger within the scope of his agency, and the sole question presented is whether the facts found justify this conclusion.

Upon this issue the court found the following facts: The car involved in the accident was owned by, and registered in New York in the name of, Metzger, who is a brother-in-law of Bregman who was operating it. Both defendants were residents of New York City. The car was headed in a direction away from New York City and contained four or five passengers whose names were not disclosed in the evidence.   It did not appear in evidence that Metzger was licensed to

operate a motor vehicle, or that he was not one of the passengers in the car, or that none of the passengers were members of his immediate family. Neither of the defendants testified upon the trial, no reason was given for their failure to do so, and no explanation was given as to how the car came to be in the possession of Bregman or for what purpose he had it in his possession. It will be noted that, aside from the immaterial facts that the defendants were brothers-in-law and residents of New York City and that there were four or five passengers in the car which was headed in a direction away from New York City, the only finding of a fact based on the evidence is that the car was owned by Metzger. The other findings are as to the failure of the defendants to testify or to offer evidence as to material facts within their knowledge.

Conceding that, in an action against the owner of a motor vehicle for damages caused by its operation by another, the burden is upon the plaintiff to prove that it was being operated by the agent of the owner acting within the scope of his employment, the plaintiffs contend that the court is warranted in inferring both the agency and the fact that the agent is acting within the scope of his employment from the ownership by one man and its operation by another, coupled with silence on the part of the defendant as to the material facts peculiarly within his knowledge. Courts in a considerable number of jurisdictions have held that from the fact of ownership alone it may be inferred that the operator of the car is the agent of the owner, and further that he is acting within the scope of his employment. It is said in some of the cases that there arises a presumption, based on common experience, that a motor vehicle figuring in an accident will be driven by the owner or by someone for whose negligence he will be responsible, and if the fact is

otherwise it is but fair that the owner should be compelled to show it affirmatively as a fact of which he alone would ordinarily have knowledge. 42 A. L. R. 903; 5 Wigmore, Evidence (2d Ed.) § 2510a. In others, proof that the car was being operated by an employee of the owner is held to be a sufficient basis for an inference that it was being operated upon the business of the owner. On the other hand, it has been held that mere proof of ownership does not justify an inference of agency and that proof that the car was operated by an agent does not justify an inference that it was being operated within the scope of the employment. The numerous cases, pro and con, are collected and classified in comprehensive annotations in 42 A. L. R. 898, and 74 A. L. R. 951. No good purpose would be served by a discussion of the cases, which are in hopeless conflict.

Whatever may be the rulings elsewhere, we have held that the fact that the defendant was the owner of the car and that its operator was in his general employ was not enough to show prima facie that the operator was engaged in the defendant's business at the time of the accident. In *Lane* v. *Ajax Rubber Co.*, 99 Conn. 16, 120 Atl. 724, the driver of the car involved in the accident, called as a witness by the plaintiff, testified that he was driving a car of the defendant which he was accustomed to use in the course of his employment, but that at the time of the accident he was engaged upon his own matters, unconnected with his employment. The trial court set aside the verdict in favor of the plaintiffs and upon appeal it was claimed that the jury was not bound to believe the evidence of the driver of the car. We said (p. 17): "Assuming that the jury did disbelieve the witness in this particular, they had no evidence whatsoever before them from which they could find that

the witness was in fact engaged upon the defendant's business at the time of the accident. No presumption of this fact arises out of mere proof that the car was owned by the defendant and at other times was used by the witness in the business of the defendant." And in *Matulis* v. *Gans,* 107 Conn. 562, 565, 141 Atl. 870, we said: "The burden of proof of agency was on the plaintiff and it would have availed him nothing to show that Gans was the actual owner of the car without also showing that at the time of the accident [the driver of the car] was acting within the scope of an authority conferred by Gans." Where, as here, there is no proof that the driver of the car was ever in the employ of its owner, there is of course still less basis for an inference from the mere proof of ownership in the defendant that it was being driven at the time of the accident upon the defendant's business.

The mere physical possession of an instrumentality would not ordinarily furnish a sufficient basis for an inference that the person in possession was the agent of the owner and was using it in the course of his employer's business, and no different rule should be applied merely because the instrumentality involved is a motor vehicle. The operator "may have hired or borrowed it or wrongfully appropriated it to his own use, and in neither event would the defendant be chargeable with his misconduct." *Trombley* v. *Stevens -Duryea Co.,* 206 Mass. 516, 519, 92 N. E. 764. If, because it is often impossible for the plaintiff to prove the agency of the operator of the car since the material facts are within the sole knowledge of the defendant, it is deemed socially desirable that the burden of proving such fact should be imposed upon the defendant, that result may be reached by appropriate legislative action as has been done in Massachusetts. See *Thomes* v. *Meyer Store, Inc.,* 268 Mass.

587, 168 N. E. 178. In the closely analogous situation involving the difficulty of proving that a motor vehicle was being operated as a family car, the material facts as to which are ordinarily within the exclusive knowledge of the defendant, proof that the operator of the vehicle was a certain relative of the owner is now by statute declared to raise a presumption that it was being operated as a family car, and to impose upon the defendant the burden of rebutting such presumption. General Statutes, Cum. Sup. 1933, § 1152b.

The cases of *DeMarey* v. *Brugas,* 103 Conn. 667, 131 Atl. 392, and *Voegeli* v. *Waterbury Yellow Cab Co.,* 111 Conn. 407, 150 Atl. 303, relied upon by the plaintiffs, are not in conflict with our holding in *Lane* v. *Ajax Rubber Co., supra.* In the former case, the plaintiff was injured as the result of a collision with a jitney bus. It was admitted that on the day of the collision the defendant operated a jitney bus line on the street where the collision occurred and there was evidence from which the jury could reasonably have found that the bus involved in the accident, bearing the defendant's name, was being driven in its ordinary operation as a jitney bus by a servant of the defendant. In the latter case, the plaintiff was injured by a taxicab bearing the defendant's name and shortly after the accident defendant's manager called upon the plaintiff and discussed the matter with him. It was held that the facts were sufficient to establish a prima facie case that the taxicab belonged to the defendant and was being driven by its servant in its ordinary operation. The car involved in this accident was a pleasure vehicle operated by the brother-in-law of the owner. There was no evidence of prior operation of the car by him or of how it came into his possession upon this occasion. The most that might be inferred from the facts proven would be that the

car was being operated with the permission of the owner. To sustain liability, the further inference must be drawn that it was being operated by an agent of the owner within the scope of his agency. This would be mere conjecture or speculation.

The court has found that neither of the defendants testified upon the trial and it is stated in the plaintiffs' brief that when the plaintiffs rested the defendants offered no evidence. It is apparent from the finding and the memorandum of decision that the trial court, in reaching its conclusion that the plaintiffs had made out a prima facie case, attached weight to the failure of the defendants to explain how Metzger's car came into Bregman's possession and for what purpose he had it in his possession. In support of this action of the trial court, the plaintiffs rely upon the rule that all evidence is to be weighed according to the proof which it was in the power of one side to have produced, and in the power of the other to have contradicted, and that when material evidence is peculiarly within the knowledge of a party who fails to produce it, the trier is entitled to draw the inference that, if produced, it would have been antagonistic to his present contention. The rule is well settled, and has frequently been applied by us in the cases cited upon plaintiffs' brief. It is not applicable until the plaintiff has first made out a prima facie case. The inference drawn from the failure to testify does not supply the place of evidence of material facts and does not shift the burden of proof so as to relieve the party upon whom it rests of the necessity of establishing a prima facie case, although it may turn the scale when the evidence is closely balanced. 22 C. J. 112, 120, 122; 10 R. C. L. 885; 1 Wigmore, Evidence (2d Ed.) § 290; *Blackman* v. *Andrews,* 150 Mich. 322, 114 N. W. 213; *Meagley* v. *Hoyt,* 125 N. Y. 771, 26 N. E. 719;

*Porcino* v. *Stefano,* 243 Mass. 398, 137 N. E. 664. See *Ezzo* v. *Geremiah,* 107 Conn. 670, 677, 142 Atl. 461; *Cupo* v. *Royal Ins. Co.,* 101 Conn. 586, 592, 125 Atl. 844. When defendant introduces no evidence but submits his case in reliance upon the insufficiencies of the plaintiff's evidence, no unfavorable inference arises from his failure to produce evidence peculiarly within his knowledge. *Baker* v. *Paradiso,* 117 Conn. 539, 546, 169 Atl. 272; *Poirier* v. *Terceiro,* 224 Mass. 435, 113 N. E. 204; *McDuffer's Admx.* v. *Boston & Maine Railroad,* 81 Vt. 52, 69 Atl. 124; *Condon* v. *Schoenfeld,* 214 Ill. 226, 73 N. E. 333; 22 C. J. 112. The principle comes into operation only when a prima facie case has been made out. *DeMarey* v. *Brugas, supra,* p. 670. It not infrequently happens that some fact essential to a party's case can be proved only by the evidence of the opposing party. That such evidence must come from the mouth of a hostile witness or is otherwise unavailable does not relieve the party of the burden of proving such essential fact.

There is error in both cases and a new trial is ordered.

In this opinion the other judges concurred.