GEORGIA DUNN *vs.* ANNA SANTAMAURO.

MALTBIE, C. J., HAINES, BANKS, AVERY and DICKENSON, Js.

Argued November 8th—decided December 4th, 1934.

*William J. McKenna,* with whom was *Nelson Harris,* for the appellant (defendant).

*Daniel E. Ryan,* for the appellee (plaintiff).

BANKS, J. The plaintiff was a guest in an automobile which, while standing next to the curb on the right-hand side of the street, was struck in the rear

by a truck claimed to be that of the defendant, which was proceeding in the same direction. It is not questioned that the collision resulting in the plaintiff's injuries was caused by the negligence of the operator of the truck. The defendant denied that she was the owner of the truck involved in the collision, and denied that it was being operated at the time by her servant or agent. Upon these issues the court found that the license number upon the truck was one which had been issued to the defendant for this truck, that there was painted upon the right-hand door of the truck the inscription "The Owl Transportation Company, New Haven," that this was a trade name used by the defendant who lived in New Haven, and that at the time of the collision there was a load of dry goods upon the truck. Upon these findings, which, though attacked, are not subject to correction, the court reached the conclusions that the defendant was the owner of the truck, and that it was being operated by her agent and servant within the scope of his employment. The conclusion as to the ownership of the truck was one which the court could legitimately reach upon the subordinate facts found. The registration of the truck in defendant's name was sufficient evidence of her ownership of the truck in the year when it was so registered, *Chouinard* v. *Wooldridge,* 102 Conn. 66, 70, 127 Atl. 908, and was further supported by the appearance upon the truck of the trade name used by her. *Voegeli* v. *Waterbury Yellow Cab Co.,* 111 Conn. 407, 409, 150 Atl. 303.

The subordinate facts found do not support the further conclusion of the trial court, essential to the plaintiff's case, that the truck, at the time of the accident, was being operated by the agent of the defendant and within the scope of his employment. The burden of proof upon this issue was upon the plaintiff, and

mere proof that the truck was owned by the defendant was not enough to show prima facie that it was being operated by her agent upon her business. *Lane* v. *Ajax Rubber Co.*, 99 Conn. 16, 120 Atl. 724; *Matulis* v. *Gans*, 107 Conn. 562, 565, 141 Atl. 870; *Middletown Trust Co.* v. *Bregman*, 118 Conn. 651, 654, 174 Atl. 67; *Trombley* v. *Stevens-Duryea Co.*, 206 Mass. 516, 519, 92 N. E. 764. We are unable to perceive any sound reason for the distinction, apparently adopted by the Pennsylvania court, between cases where the vehicle involved is of a commercial and those in which it is of a pleasure type, in the absence of other facts from which it could reasonably be inferred that the vehicle was being operated upon the business of its owner. See annotations in 42 A. L. R. 921; 74 A. L. R. 966.

The defendant offered no evidence, and the court in reaching its conclusion that the plaintiff had made out a prima facie case invoked against the defendant the rule that all evidence is to be weighed according to the proof which it was in the power of one side to have produced and of the other to have contradicted, and that when material evidence is peculiarly within the knowledge of a party who fails to produce it, the trier is entitled to draw the inference that, if produced, it would have been antagonistic to his present contention. As we pointed out in *Middletown Trust Co.* v. *Bregman, supra,* decided since this case was tried, the inference drawn from the failure to offer evidence does not relieve the party upon whom rests the burden of proof of the necessity of establishing a prima facie case, and no unfavorable inference arises from the failure of such party to produce evidence peculiarly within his knowledge when the other party has not made out a prima facie case.

The evidence of the witness Lindstrom as to the nature of the load upon the truck was not based upon

his own knowledge, and the motion to strike it out as hearsay should have been granted. There was no reversible error in the other rulings on evidence to which exception was taken.

There is error and a new trial is ordered.

In this opinion the other judges concurred.