LENA SMITH *vs.* FIRESTONE TIRE AND RUBBER COMPANY.

GEORGE W. SMITH *vs.* SAME.

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, Js.

Argued January 3d—decided February 6th, 1935.

*Frederick H. Wiggin* and *Frank E. Callahan,* for the appellant (defendant).

*Arthur T. Gorman,* with whom was *Charles T. McClure,* for the appellees (plaintiffs).

AVERY, J.   The plaintiffs in these two cases are husband and wife.   The suits arose out of an automobile collision which occurred on Ocean Avenue near the intersection of Dawson Avenue in West Haven, on August 25th, 1932, at about 9.15 p.m. daylight saving time.   Lena Smith sued for personal injuries claimed to have resulted from the collision; and her husband for damage to his automobile, claimed to have been completely demolished, and expenses incurred by reason of his wife's injuries.   The plaintiffs claim that George W. Smith, accompanied by his wife, was operating his automobile in an easterly direction on Ocean Avenue, and was proceeding at a moderate rate of speed on his own right of the center of the road, when a Ford automobile, owned by the defendant and then being operated in its business by its agent, proceeding westerly at high speed, came around a curve and swerved over upon the side of Ocean Avenue upon which the plaintiff's car was proceeding, and collided with it.   The two cases were tried together.   The jury returned a verdict for George W. Smith for $4000 and for Lena Smith for $9000.   On defendant's motions to

set aside the verdicts, the court ordered a remittitur in the case of George W. Smith of $1850, which was filed, and the motion to set aside the verdict was denied. The motion to set aside the verdict in the case of Lena Smith was also denied. The errors assigned upon this appeal are the action of the trial court in refusing to set aside the verdicts, also certain rulings on evidence and part of the charge of the court.

At the trial, the defendant conceded that the car was owned by it and, some months before, had been placed in the custody of Leo J. Kane, a salesman employed by it for use in connection with his duties. It also conceded that at the time of the collision, the car was being operated in a negligent manner; that it collided with the automobile occupied by the plaintiffs; that they were free from contributory negligence; and that the collision and consequent damage to the plaintiffs were proximately caused by the negligence of the operator of defendant's car. The disputed issues of fact were: first, whether at the time of the collision the defendant's automobile was being operated by its salesman, Kane; second, whether he was then on its business; and, third, the damages to which Lena Smith was entitled.

In its appeal from the denial of the motion to set aside the verdicts, the defendant maintained there was not sufficient evidence before the jury to reasonably justify it in finding that the salesman, Kane, was operating its automobile at the time of the collision or was on its business, and that the damages awarded Lena Smith were excessive. We will discuss these matters in their order.

The car admittedly belonged to the appellant, and Kane was a salesman employed by it to whom the car had been entrusted. There was testimony before the jury from which they might reasonably have found

that immediately after the collision, Kane was found in an unconscious condition hanging out of the left side of appellant's car with his feet on the floor board behind the steering wheel, his legs and body on the running board, and his head and shoulders on the ground. He never regained consciousness and died two days later. Several witnesses arrived at the scene within a very few moments of the time of the collision and no one was seen in the car except Kane. The only testimony suggesting the possibility of another person being in it was that of the plaintiff George W. Smith, who stated that immediately after the collision some one ran by the rear of his automobile coming from the direction of that of the defendant, and the testimony of a police officer who stated that he had made a search for such a person but did not find him. In this state of the evidence, taking into consideration the testimony as to Kane's position in the car after the collision, the jury might reasonably have found that it was being operated by Kane.

They might also have further found that it had been entrusted to him under a written agreement under which it was placed in his charge for use only while attending to the business of the company; that he was not permitted to carry other persons as passengers except when they, as well as himself, were on company business; and under no circumstance was the car to be used by him for personal business or pleasure. Kane was employed by the company as a traveling salesman to sell tires and other Firestone products to all Firestone dealers and all new customers he could find who were acceptable to the company. His further duties were to create good will, to advertise the defendant's products as much as possible, and to collect bills for the company on some occasions. His territory comprised the towns in the southern part

of New Haven County, extending along the shore from Madison to the Housatonic River. Ocean Avenue is the main road between West Haven and Woodmont, Milford and Devon, in all of which there were dealers handling Firestone products. Kane was paid a monthly salary. His usual hours of business were from 8.30 in the morning to 5.30 or 6 o'clock in the afternoon, but there was no objection to his working in the evening and, upon other occasions, he had done so. He left the house where he boarded at about 8.30 or 9 o'clock in the morning of the day of the collision. In response to a remark by his landlady that it was a beautiful morning, he said: "Yes, it is, and what makes it so nice is my territory is along the shore." Sometime during the afternoon of that day, he made a business call upon a tire store in Devon which is upon the same route. After the accident, there were found in his car a number of samples of tires, a briefcase containing advertising circulars and his order book. It was also in evidence that it was a requirement of the defendant that salesmen make written reports at the end of each day, specifying in detail the customers called on and the business transacted. Salesmen seldom missed making this daily report, and for no report to be made for a period of two days was very exceptional. No report was received by the company from Kane for August 24th and 25th. It was permissible for the jury to draw the inference, if it believed that no report was received from Kane covering his operations for the day, that he had not completed his work for that day and was still on company business when he was injured.

While it is well settled in this State that mere proof that an automobile was owned by the defendant and at other times was used in the business of the defendant does not raise a presumption that the car was

upon its business at the time in question; *Middletown Trust Co.* v. *Bregman*, 118 Conn. 651, 655, 174 Atl. 67; *Lane* v. *Ajax Rubber Co.*, 99 Conn. 16, 17, 120 Atl. 724; *Matulis* v. *Gans*, 107 Conn. 562, 565, 141 Atl. 870; yet, on the other hand, it is often not within the power of the plaintiff to establish by direct evidence that the automobile at the time was being used in the business of the defendant. If the circumstances in evidence form a reasonable basis for such a finding, that will suffice to make out a prima facie case. *DeMarey* v. *Brugas*, 103 Conn. 667, 670, 131 Atl. 392; *Voegeli* v. *Waterbury Yellow Cab Co.*, 111 Conn. 407, 409, 150 Atl. 303; *Perry* v. *Haritos*, 100 Conn. 476, 480, 124 Atl. 44.

There was, moreover, evidence that Kane's order book, found in the car after the collision, was delivered the next day to an employee of the defendant who was present in court at the time of the trial but was not called as a witness, nor was the order book produced. A prima facie case having been made out by the plaintiffs, the jury were entitled to draw the inference that the order book would have contained information antagonistic to the contention of the defendant at the trial. *Middletown Trust Co.* v. *Bregman*, supra, 651, 657; *DeMarey* v. *Brugas*, supra, 667, 670. From the evidence produced, viewed in the light most favorable to the plaintiffs, and with the inferences to be drawn therefrom, the jury might reasonably have concluded that at the time of the collision Kane was operating the defendant's automobile over a route which he would naturally follow in the pursuit of defendant's business at a time when he was authorized to so operate it; that he had in it the samples, advertising matter and other articles ordinarily carried by him for the purpose of soliciting customers, and was then engaged upon the business of his employer.

Under the circumstances of this case, the time of day (8.15 p.m. standard time of August 25th) is not of controlling significance. Under the conditions of his employment, disclosed by the evidence, he was likely to be in the employer's business at that hour, and there is not the slightest basis in the testimony to support a claim that Kane was then engaged in any business of his own.

The verdict in favor of Lena Smith was $9000. There was evidence that as the result of the accident she received a severe laceration of the scalp and forehead requiring several sutures; numerous contusions and bruises in various parts of her body; and that she complained of severe pain in her chest, right hip, side and lower back. The pain in her back grew progressively worse and finally, in July, 1933, she was forced to stay in bed continuously; and, during the months between July and November of that year, sought the services of physicians without beneficial result. In November, 1933, she was taken to the New Haven Hospital for observation and treatment. An examination there disclosed a severe case of sciatica resulting from the injury to the sacro-iliac joint necessitating operative treatment followed by massage and other treatment over a period of six weeks while in the hospital, which treatment has continued to the present time, and will continue for a considerable period in the future. At the time of the trial, she was not able to walk without a crutch; her spine has developed a double curve from an incorrect posture, which causes her severe pain; her sufferings from the accident will continue for a considerable period of time; and whether she will ever recover is uncertain. Whether the plaintiff's condition was wholly due to the accident was a disputed question before the jury; but the jury who heard the evidence resolved the disputed

questions in favor of the plaintiff, and their decision having been supported by that of the trial court in refusing to set aside the verdict, we are not able to say that the verdict was so palpably excessive as to warrant interference by this court. The trial court did not err in refusing to set aside the verdict.

In the course of the trial, the plaintiff introduced the testimony of four witnesses for the purpose of showing that Kane worked in the evening selling defendant's tires. This was objected to on the ground that evidence of agency in a given case cannot be supplied by proof of agency on other occasions, unless the other transactions are sufficient to show a regular course of business from which an inference of agency in a later transaction may reasonably be inferred. The evidence was not admissible for the purpose of showing agency, but for the purpose of showing the time of his employment. If the act of the agent occurred within the time or period of his employment, this circumstance should be considered with other evidence in deciding whether or not the act was within the scope of the employment. *Branchini* v. *Florio,* 119 Conn. 212, 214, 175 Atl. 670, 672; *Hickson* v. *Walker Co.,* 110 Conn. 604, 610, 149 Atl. 400. The testimony of Mrs. Hindley was admissible as tending to show the plan or intention in Kane's mind to work along the shore road that day. "A declaration indicating a present intention to do a particular act in the immediate future, made in apparent good faith and not for self-serving purposes, is admissible to prove that the act was in fact performed. It is admissible, not as a part of the *res gestae,* but as a fact relevant to a fact in issue." *State* v. *Journey,* 115 Conn. 344, 351, 161 Atl. 515.

The defendant complains of two short extracts from the charge. In the course of its instructions, the

court remarked: "There is evidence in the case from which you may reasonably come to the conclusion that Kane was the operator of the defendant's automobile at the time of the collision." The defendant claims that this instruction was incorrect as the evidence was not sufficient to warrant the jury in coming to that conclusion. This claim is without merit; as we have seen, there was evidence before the jury from which they might reasonably have reached the conclusion that Kane was operating the car upon the evening in question. In another part of its instructions, the court said: "The plaintiffs have offered evidence of Kane's having transacted business on other evenings as distinguished from transacting business in the day time." Objection is made by the appellant to this remark as misleading, under a claim there was only one witness who in fact testified to Kane having done any business in the evening. It is true the other witnesses who had testified they had calls made upon them in the evening did not testify directly that those calls were made upon business, but in view of the fact that they testified they were dealers in automobile products and accessories, and from the entire circumstances under which the calls were made, the plaintiff could claim that it was a fair inference that the calls made upon them were for no other purpose than business.

There is no error.

In this opinion the other judges concurred.