ROSE A. GRAHAM

vs.

MARTIN J. SHANLEY, ET AL.

Superior Court     New Haven County       File #49604

Present: Hon. KENNETH WYNNE, Judge.

Watrous, Hewitt,
Dunn, Donnegan & Doyle,   Attorneys for the Defendant.

Dunn, Donnegan & Doyle,   Attorneys for the Defendants.

· MEMORANDUM FILED OCTOBER 5, 1936.

CORNELL, J.   The defendants rest their motion on two claims. They say there was a deviation from his employment by Shanley. They cite the cases of **Hickson vs. Walker Company, et al, 110 Conn. 605** and **Garriepy vs. Ballou & Nagle, Inc., 114 Conn. 46.** They also say that there was no evidence that the plaintiff was in the exercise of due care.

The sufficient answer to the first point is that the jury could well have discredited entirely the story of the defendants and could have concluded reasonably from the testimony and the circumstances that Shanley was in the course of his master's business at the time in question. **Smith vs. Firestone Tire & Rubber Company, 119 Conn. 483.** The defendants' story would have been more plausible if Gilday, for instance, had notified his garage to take the automobile key and not permit Shanley to use the car. This would have been the perfectly obvious thing to do if he were disturbed at what he had heard at the hospital about Shanley's using the car in violation of his orders. He had a trusted messenger at hand to carry out instructions. Also the fact that Shanley was permitted to stay in his employ must have impressed the jury with suspicious significance.

With this background the jury might well have concluded

that Shanley's manner of driving didn't appeal to his own employer. They could then find, quite easily and logically, simply from her own story, that the plaintiff was in the exercise of due care, to say nothing of other evidence which tended to corroborate her.

The motions are denied.