MARY C. HALPINE *v.* GENEVIEVE M. HALPINE

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued January 2—decided February 5—reargued March 4—
amended opinion filed March 5, 1952

*Charles A. Watrous,* with whom were *Robert L. Sullivan* and, on the brief, *Macgregor Kilpatrick,* for the appellant (plaintiff).

*John E. McNerney,* with whom were *A. R. Moquet* and, on the brief, *Francis J. Moran,* for the appellee (defendant).

JENNINGS, J.  This case is concerned with the effect of the defendant's resting her case without offering any evidence.

The plaintiff offered evidence to prove and claimed to have proved the following facts: Plaintiff and defendant are sisters. It was the custom of the plaintiff to visit the defendant about 1 p. m. on Sunday afternoons. On Sunday, October 24, 1948, the defendant expected the plaintiff at the usual time. Her porch had been painted two days before and a broom had been used as a barrier to keep people off the wet paint. On Sunday she removed the broom about 9:30 a. m. It was not raining at that time. Rain started about noon. The defendant knew or should have known that the porch was wet and slippery. The plaintiff arrived a little after one o'clock and slipped and fell on the porch. She was seriously injured. At the close of the plaintiff's evidence, the defendant rested her case without offering evidence and moved for a directed verdict. The motion was denied.

The plaintiff is entitled to have the third paragraph of her draft finding added to the finding. It reads: "Upon the trial of the case to the Jury, plaintiff produced the defendant as a witness and addressed to her questions relating only to the location, orientation, and painting of the porch, the removal of the broomstick barrier by the defendant herself when she expected the plaintiff to visit her and as to her discovery of the injured plaintiff on the porch. Counsel for the plaintiff did not inquire of the defendant as to the condition of the porch at the time the barrier was removed or at the time of the plaintiff's fall, nor whether it was slippery at either time."

In this situation the court charged, in effect, that no unfavorable inference should be drawn from the failure of the defendant to produce evidence peculiarly within her knowledge. The plaintiff duly excepted and assigned this instruction as error.

If the plaintiff had not made out a prima facie case

the charge would have been correct. *Middletown Trust Co.* v. *Bregman,* 118 Conn. 651, 658, 174 A. 67. The charge is tested by the finding. The trial court found that the plaintiff offered evidence to prove and claimed to have proved that the defendant knew or ought to have known of the dangerous condition. This finding indicated that a prima facie case had been made out. It was not attacked. Under these circumstances the parties had to assume and did assume that a prima facie case had been presented. The applicable rule is thus stated in *Russo* v. *Dinerstein,* 138 Conn. 220, 226, 83 A. 2d 222: "The controlling rule is: 'It [the rule as to the inference] is not applicable until the plaintiff has first made out a prima facie case. The inference drawn from the failure to testify does not supply the place of evidence of material facts and does not shift the burden of proof so as to relieve the party upon whom it rests of the necessity of establishing a prima facie case, although it may turn the scale when the evidence is closely balanced.' *Middletown Trust Co.* v. *Bregman* [supra, 657]. Or, to state it affirmatively, when a prima facie case is made out, then there comes into full operation the maxim cited in *Cupo* v. *Royal Ins. Co.,* 101 Conn. 586, 592, 126 A. 844, that all evidence is to be weighed according to the proof that it was in the power of one side to have produced, and in the power of the other to have contradicted. *DeMarey* v. *Brugas,* 103 Conn. 667, 670, 131 A. 392. We recently thus referred to the potential value of the inference when permissible: 'Furthermore, as the findings sufficed to make out a prima facie case in the essential particulars, the failure of the defendant to call [his employee] as a witness served to fortify the plaintiff's case, since he was available and was the one whom the defendant would naturally produce.' *Lemmon* v. *Paterson Construction Co.,* 137 Conn. 158, 163, 75 A. 2d

385. Nor does the fact that the plaintiffs had laid in the defendant's statement deprive them of the benefit of the rule. See *Buell* v. *Siderman*, 197 Mich. 126, 130, 163 N. W. 881." See also *Throckmorton* v. *Chapman*, 65 Conn. 441, 454, 32 A. 930.

The examination of the defendant by the plaintiff went beyond that ordinarily conducted when the opposing party is called as a witness. The plaintiff carefully refrained, however, from inquiring about the condition of the porch or whether the defendant knew that it was slippery. If counsel for the defendant had reason to believe that her testimony would strengthen her case, there was no reason why she should not have been called by them. As she was not called, there is no injustice in permitting an inference that, if called, her testimony would have favored the plaintiff. The matter is fully discussed in 2 Wigmore, Evidence (3d Ed.) §§ 285, 289.

The defendant does not appear to dispute the existence of the general rule as laid down in the *Russo* case. She contends that once she was called by the plaintiff it was the latter's duty to exhaust the knowledge of the witness and that the plaintiff is not entitled to both the defendant's testimony and the benefit of the presumption. She has not supported this rather novel proposition with authority. Her main reliance is on a dissenting opinion in an old New York case, *Milliman* v. *Rochester Ry. Co.*, 3 App. Div. 109, 116, 39 N. Y. S. 274. The municipal court decision in *Marks* v. *Thompson*, 1 N. Y. S. 2d 215, which follows this dissent, suggests no sufficient reason for departing from the majority view. In *Clapp* v. *Kenley*, 277 Mo. 380, 391, 210 S. W. 10, *Omar Oil & Gas Co.* v. *Bair Oil Co.*, 285 F. 588, 600, and *McMaster* v. *Henkel*, 123 N. J. Eq. 184, 189, 196 A. 439, cited by her, the evidence which it was claimed the defendants should have offered had been

fully covered by them or other witnesses.   Finally, the last sentence from the *Russo* case quoted above holds to the contrary.

The court's charge that no unfavorable inference should be drawn from the failure of the defendant to produce evidence peculiarly within her knowledge was error.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.