WALTER B. SHAW ET AL. *vs.* THE CONNECTICUT
COMPANY.

Third Judicial District, Bridgeport, October Term, 1912.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

The Motor Vehicle Law (Public Acts of 1909, Chap. 211) provides, in
§ 3, that every automobile dealer, liveryman, or manufacturer,
instead of registering each car owned or controlled by him, may
apply for and obtain a general distinguishing number or mark,
under which every motor vehicle owned or controlled by him, until
sold or loaned for a period of more than five successive days, shall
be regarded as registered. *Held* that although the statute was not
designed to allow others, under cover of the dealer's general num-
ber or distinguishing mark, to operate cars belonging to or con-
trolled by themselves, yet an automobile, while in the exclusive
possession and control of a dealer for sale, might be loaned by
him to its owner for an afternoon's use without impairing the
validity of its registration under the dealer's general number or
mark, provided the arrangement between them was entered into in
good faith and not as a mere cover to enable the owner to operate
his own car and escape the payment of the registration fee.
It would be a forced construction of the Act to hold that such tem-
porary use of the car by its owner ended the dealer's "control"
of it, in spite of the intent and agreement of the parties to the con-
trary, merely because it was legally possible for the owner at any
time to recall his authority to sell and to resume possession of the
car.

Argued October 31st—decided December 19th, 1912.

ACTION to recover damages for injuries to the plain-
tiffs' automobile through a collision alleged to have been
caused by the defendant's negligence, brought to the
Court of Common Pleas in Fairfield County and tried
to the jury before *Scott, J.;* verdict and judgment for
the plaintiffs for $1,200, and appeal by the defendant.
*No error.*

*Joseph F. Berry,* for the appellant (defendant).

*James A. Marr* and *Frank L. Wilder,* for the appellees
(plaintiffs).

THAYER, J. The action is for injury to an automobile which at the time of the injury, November 11th, 1910, was being operated upon one of the public highways of this State. It is provided in § 16 of chapter 211 of the Public Acts of 1909, p. 1146, that "no recovery shall be had in the courts of this State by the owner . . . of a motor vehicle which has not been registered in accordance with § 2 or § 3 of this Act, for any injury to person or property received by reason of the operation of said motor vehicle in or upon the public highways of this State," etc.

The defendant claims that the plaintiffs' automobile was not duly registered at the time of the injury, and consequently that there can be no recovery. It is agreed that the vehicle was not registered in accordance with § 2 of the Act, which provides for the registration by an owner. The only question before us on the appeal is whether, upon the evidence, the jury were warranted in finding that the vehicle was duly registered under § 3, which provides for the registration of such vehicles by a dealer, liveryman, or manufacturer. That section provides that "every dealer, liveryman, or manufacturer of motor vehicles may, instead of registering each motor vehicle owned or controlled by him, make application to said secretary for a general distinguishing number or mark, and the secretary may . . . issue to the applicant a certificate of registration containing the name, place of residence, and business address of the applicant, and the general distinguishing number or mark assigned to him, . . . and every motor vehicle owned or controlled by such manufacturer, dealer, or liveryman shall, until sold or loaned for a period of more than five successive days, be regarded as registered under, and have assigned to it, such distinguishing number or mark. Manufacturers, dealers, or liverymen shall not be required to carry such

certificates upon the vehicles registered under the provisions of this section, but every person operating a motor vehicle under the provisions of this section shall display on such vehicle, in such manner as said secretary may prescribe, the operator's license number assigned to such person." Section 4 provides that every motor vehicle shall at all times while in use or operation upon the public highways, have displayed upon it, at front and rear, the registered number plates or markers furnished by the secretary.

The jury would be warranted in finding from the evidence that the plaintiffs purchased the automobile in question from a bankrupt estate, about two weeks before the injury, for $1,200; that they at once placed it with one Ford, a dealer in automobiles, for sale at $1,800, under an agreement that he should keep it at his garage until sold; that he should have absolute and sole charge and control of it; that they should pay him $5 per month for storage, and, when sold, that he should receive five per cent. commission for selling it. The evidence also warranted a finding that Ford at this time kept a public garage, and was a registered dealer in motor vehicles; that on the day of the injury the plaintiffs requested him to permit them to use the automobile, to which he consented; that he was told by them that a brother of one of the plaintiffs, a licensed operator, would operate it for them, and that Ford thereupon attached the license number of the operator thereto; that when the automobile was taken from the garage by the plaintiffs it had this number attached to it as well as the registration number of the dealer; and that while being run upon the highway with the numbers so attached, by such operator accompanied by the plaintiffs, a collision occurred between it and one of the defendant's cars, resulting in the injury complained of. The question is, these facts being assumed

to be established, was the automobile at the time of its injury duly registered in accordance with § 3 above quoted?

Section 2 requires that every "owner of one or more motor vehicles" shall cause each one "owned or controlled by him" to be registered by the secretary of State. Section 3 in terms excepts manufacturers, dealers, and liverymen from this requirement, and permits them to register, under one general number or distinguishing mark, all the motor vehicles "owned or controlled" by them. The registration fee exacted from a dealer for all his cars is less than that which is exacted from other owners for the registration of a single high-powered car. By reason of their business a preference is thus given to manufacturers, dealers, and liverymen who own or control such cars. It was not intended that others, under cover of the general number or distinguishing mark of the dealer, should be able to operate cars belonging to or controlled by themselves. The law is not to be so construed as to permit this. But a dealer in his business may undertake the sale for another of the latter's car. It is not to be doubted that the intention was that in such cases, where there is a bona fide arrangement between the owner and dealer for the sale, the latter may take the car into his garage for that purpose, and that, while so held by him, it would be registered under his general number, and might be operated by him, or by licensed operators authorized by him, upon the highways. But it was not the intention to authorize any arrangement whereby an owner could obtain the storage of his unregistered car at a dealer's garage and, under the dealer's registration number, continue in the use of the car, although the latter had authority to sell the car. This would be a plain violation of the statute, by enabling the owner to evade the proper registration of his car.

In the present case it was claimed that the owners had placed their car in the garage of a dealer for sale, giving him full possession and control of the same. If they had done so, we think that the car was controlled by him, within the meaning of the statute, so that it would be registered under his registration number. The arrangement was made by parol, and whether the parties had in good faith made such an arrangement as claimed was a question for the jury under proper instructions. No complaint is made of the charge, it is not before us, and we must assume that it was correct. It results from the verdict, therefore, that the car was properly registered by the dealer.

The defendant claims that, if this be so, Ford was a mere bailee of the car; that the plaintiffs, when they took it from his possession on the day of the injury, were in control of it, and, so far as he was concerned, could do with it as they chose; that it had thus passed out of his possession and control, and could no longer be regarded as registered under his registration number or mark. When a car is duly registered, the registration number attaches to the car. Without such registration number it cannot be lawfully operated upon the highways, it is a nuisance there. When duly registered it retains its registration during the remainder of the registration year, that is, until the following January, unless the certificate of registration is revoked for cause, or the ownership of the car is previously transferred, or, in the case of a dealer, the car is loaned for a period of more than five successive days. The statute, by implication, permits the dealer to loan the cars owned and controlled by him after he has obtained his general registration number. It does not provide that he shall not loan a car so registered and controlled by him to the owner of the car. If the plaintiffs had given Ford a written lease of this car for the term of a

year, the latter's right to permit them to use the car for a single afternoon would hardly be questioned. The only suggested objection to the owner's use of the car when registered under a dealer's distinguishing number, namely, the opportunity thus afforded him to escape the payment of a registration fee, would exist in the case of the lease as clearly as in the case before us. If the arrangement between the owner and the dealer is made in good faith and not for the purpose of evading the law, there is no reason for prohibiting a loan of the car to the owner in the one case which does not exist in the other. We do not think that the statute intends that the dealer's right to loan the car to the owner shall be lost in the latter by the fact that the owner may end the bailment at any time, and that when he obtains possession of the car the dealer's control of it is technically ended, regardless of the intent and agreement of the parties.

The evidence would warrant the jury in finding that it was the intention of the plaintiffs to return the car to Ford's garage and his possession after its use on the day of the injury. We think that the car was to be regarded as registered under Ford's registration number at the time of the injury, and that there was no error in the court's refusal to set the verdict aside.

There is no error.

In this opinion the other judges concurred.