## ANNA HICKSON *vs.* THE W. W. WALKER COMPANY ET AL.

First Judicial District, Hartford, October Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued October 4th, 1929—decided March 3d, 1930.

*James W. Carpenter,* for the appellant (defendant The W. W. Walker Company).

*David A. Wilson,* for the appellee (plaintiff).

*John C. Blackall,* for the appellee (defendant Ryan).

WHEELER, C. J.   The defendant company, the only appellant, will herein be designated, as it has been in the statement, as the defendant.   It assigns as error the refusal of the trial court to strike out paragraph six from the finding which recites that the defendant knew that it was the practice of its truck drivers to use the trucks for the purpose of going to lunch and never discharged any of them for using the trucks for that purpose.   The only evidence upon this point was that of the manager of defendant who testified that he instructed Ahern not to use the truck except to go back and forth between the stores unless he had specific instructions from him.   On cross-examination the manager testified that he did not know of any of the defendant's trucks taking its employees home to lunch, and that this was against the rules.   Subsequently to the question, "Can truck drivers take their trucks home to lunch?" he replied, "No, they are not supposed to but I guess they do."   This was not a fact within the manager's personal knowledge or information; it was a mere guess or surmise on his part.   It fell far short of being testimony as to the practice, and we find nothing in his testimony, or in the questions asked, as

to the fact that he had never discharged any of its drivers for using its trucks for that purpose. This assignment of error is sustained.

The appellant also assigns as error the failure of the court to strike out paragraph twenty-three of the finding that: "Ahern, the agent of the defendant company, at the time of the accident, was on his way from the West Hartford to the Hartford store on the business of the defendant company and in the course of the employment." We determine this claimed correction of the finding from the facts in evidence and the reasonable inferences therefrom. Up to the time one of the employees told Ahern to wait and take Mrs. Fournier down-town he purposed going to the main store, or perhaps first to his lunch. After she had mounted the truck and before it had started, Ahern asked her what time she was due down-town and then learned that she had an appointment at Tower and Blue Hills Avenues at two o'clock. After Ahern started from the store and prior to turning off Farmington Avenue his purpose was formed to take Mrs. Fournier to Tower and Blue Hills Avenues. His truck was empty, he had no deliveries to make. It was his lunch hour, during which period he was not on duty for defendant. It did not appear in evidence when he was due at the main store. It is a reasonable inference from the distance to the store and the fact that he had the hour between twelve and one o'clock for his lunch that he was due at the store at about one-thirty. He turned from the most direct route to the store via Farmington Avenue and later drove north on Woodland Street and passed Asylum Avenue which provided another route to the main store. When they crossed Asylum Avenue going north on Woodland Street Mrs. Fournier asked Ahern where he was going to and he replied he was going to take her to Blue Hills

Avenue, which was about two miles distant, and she replied that he was not, to let her off at the next corner; she testified that she had thought he would take her down-town where she could get lunch as she had too much time to then go to her appointment. Nothing further was said by Ahern to indicate his intention to abandon his trip to Blue Hills Avenue and to go to the store.

From these facts in evidence it cannot be logically inferred that Ahern at the time of the accident was engaged in the business of the defendant and acting within the course of his employment. On the contrary, the inference is a plain one that he was then engaged solely in the pursuit of his own purposes. It was error for the trial court to refuse to strike out paragraph twenty-three. The conclusion stated as a fact in paragraph twenty-three is later stated as a conclusion of the trial court. The conclusion must be tested by determining whether it may be reasonably drawn from the subordinate facts of the corrected finding to which we have already referred. These show that Ahern was not then engaged upon his employer's business but upon his own personal purpose. None of these facts lend any countenance to the claim that Ahern at the time of the accident was bound for the defendant's down-town store and upon the business of his employment. Whether he was in the scope of his employment is a question apart from whether he was engaged upon his employment, at the time of the accident. Its decision involves consideration of whether it occurred within the time of the employment or not, and at a place, though outside the authorized course of the employment, which either as a matter of law, or as one of fact, could be regarded as an incidental or slight deviation, or, if the deviation was substantial, whether it was so substantial as to constitute it a complete de-

parture, and the weighing of the extent and nature of the deviation, the surrounding facts which characterize and explain it, and the intention and purpose of its making.

The accident happened during the noon hour and at a time when Ahern had authority to operate the defendant's truck in its business. The period was not so unreasonably disconnected with the authorized period of employment as to take the conduct of the servant outside the period for the scope of his employment, which "denotes the field of action within which one is a servant." The conduct of Ahern can only be held to be within the scope of his employment provided it be not unreasonably distant from the authorized area of his service. The unauthorized conduct of a servant may be within the scope of his employment when it is found to be similar to or incidental to the conduct authorized. This case must be found to fall within this class if the judgment of the trial court is to be sustained. The determination involves consideration of several matters of fact. One of these is whether the act the servant was engaged upon was outside the business of his employer, or whether it had been entrusted to him. Unquestionably the particular matter Ahern was engaged upon was outside the scope of his employment. But whether the extent of his departure from the scope of his employment, or the area of his service, was so unreasonable as to make of his act of deviation an independent journey of his own rather than a mere detour, or one incidental to his employment, is a question of degree, and ordinarily one of fact, unless the deviation is so great, or the conduct so extreme, as to take the servant outside the scope of his employment and make his conduct a complete departure instead of a deviation still incidental to his employment. *Schrayer* v. *Bishop,* 92 Conn. 677, 679, 104 Atl. 349. In

view of the several routes open to Ahern, to none of which had his employer restricted him, we should not be prepared to hold as matter of law that at the time of this accident he was in a place so unreasonably distant from the route of his employment as to take him outsided its scope. But if the accident had occurred at Blue Hills Avenue, some two miles distant, and he had gone there for a purpose of his own, we should not have hesitated to hold, as matter of law, that he was then outside the scope of his authority.

The facts of this case bring into play another factor of controlling importance. When Ahern crossed Asylum Avenue and drove north on Woodland Street for the purpose of going to Blue Hills Avenue, his objective, if completed, would have carried him outside the scope of his employment, for the deviation would have been an unreasonable distance from the authorized area of his employment. This case cannot be determined by merely ascertaining whether the place of the accident was within the area of the employment. Since Ahern at the time of the accident was upon a journey of his own but had not passed so far beyond the area of his employment as to be in the eye of the law outside its scope another element enters into the determination, that is, whether at that very time he was then on the journey he purposed. His primary objective being Blue Hills Avenue, that must depend upon whether he had, prior to the accident, changed his purpose and determined to abandon his intended objective and renew the course of his employment before he had reached a point unreasonably distant from the authorized area. Ahern's primary intention was formed shortly after he left the store and before he turned off Farmington Avenue to proceed on the way to Blue Hills Avenue. He openly expressed this intention when the truck had crossed Asylum Avenue and was

proceeding northerly on Woodland Street, in reply to an inquiry of Mrs. Fournier as to where he was going. She replied he was not going to take her there and ordered him to let her get off at the next corner which was Albany Avenue. To this Ahern made no reply and neither by word nor conduct indicated his purpose as to stopping and letting her off, or as to his immediate or ultimate destination. There is nothing in the finding upon which to predicate an inference that he had changed his purpose unless it can be found in his companion's statement when she learned for the first time that he was going to take her to Blue Hills Avenue. Her expressed determination that he was not to take her there and her order that he was to let her out at the next corner is too small and insecure a peg on which to base any inference as to his change of purpose. Weighing the facts in connection with his intention to go to Blue Hills Avenue and with his continuance in this purpose up to the time of the accident, we are obliged to hold that he had then completely departed from his employment.

There is no occasion to analyze or collate our cases upon this general subject. None of them raise the question of the driver's intent in the precise manner this case does. There are, however, at least two of our cases which enumerate the intent of the servant in making the deviation as a factor to take into account in considering the nature and extent of the deviation. In *Ritchie* v. *Waller,* 63 Conn. 155, at page 165, 28 Atl. 29, we say: "To decide the question in a case like the present, the trier must take into account, not only the mere fact of deviation, but its extent and nature relatively to time and place and circumstances, and all the other detailed facts which form a part of and truly characterize the deviation, including often the real intent and purpose of the servant in making it."

Similarly, in *Butler* v. *Hyperion Theatre Co., Inc.,* 100 Conn. 551, at page 557, 124 Atl. 220, we say: "All the circumstances of the employment and of his conduct, including his intent, are to be considered by the trier in determining as a matter of fact whether or not in the particular conduct involved he was or was not acting in the execution of the master's business within the scope of his employment, although disobeying some instruction."

Two paragraphs of the draft-finding we find should in substance have been added to the finding at the request of the defendant. Paragraph nineteen, that Ahern intended when he drove from the store in West Hartford to go to Tower and Blue Hills Avenues for the purpose of transporting Mrs. Fournier there, not at her request, but upon his own initiative. There is no direct evidence of Ahern's intention in this respect, but we find it to be a legitimate inference from the fact that upon inquiry of Mrs. Fournier after she had boarded the truck he learned that she had an appointment on Tower and Blue Hills Avenues at two o'clock, that he turned off Farmington Avenue and proceeded toward this destination and when he had crossed Asylum Avenue and was proceeding northerly on Woodland Street in response to her question, he said he was going to Blue Hills Avenue. From these and other circumstances we think this inference a necessary one to draw.

Paragraph twenty, that Ahern, in leaving the store, was violating his employer's instructions and continued so to do up to the time of the accident is the uncontradicted evidence; the finding that he did this with that intent was disposed of in the inclusion in the finding of paragraph nineteen.

The corrections of the finding in the four respects referred to have been incorporated in the statement of

facts preceding the opinion. Upon the corrected finding we are of the opinion that there was a temporary abandonment of his employment by Ahern at the time of the accident, that he then was engaged in serving his own purpose, and that the defendant-employer is not responsible for injuries caused the plaintiff by Ahern's negligence during the period of his temporary abandonment.

There is error, the judgment is reversed as against The W. W. Walker Company, and the Superior Court directed to render judgment for the defendant The W. W. Walker Company.

In this opinion the other judges concurred.