ITALO BRANCHINI *vs.* CARL FLORIO ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 3d—decided November 20th, 1934.

*Harry M. French* and *James M. Kelly,* with whom, on the brief, were *Arthur B. O'Keefe* and *Douglas B. Johnson,* for the appellant (named defendant).

*William L. Hadden,* with whom was *Clarence A. Hadden,* for the appellee (plaintiff).

HAINES, J.  The plaintiff was riding a motorcycle driven by defendant Collins' intestate on Columbus Avenue in New Haven, which was in collision with a motor truck driven by Massaro, alleged to have been the servant and agent of Florio.  Both vehicles were moving in the same direction, the truck in advance of the motorcycle, and it was alleged that Massaro negligently turned the truck to the left to enter Frank Street which intersected Columbus Avenue, and the motorcycle collided with it causing the plaintiff's injuries.  Massaro was an employee of the defendant Florio who operated a garage and storage station for cars, known as Carl's Commercial Garage.  The only question presented by the present appeal is whether Massaro at the time and place and under the circumstances, was acting within the scope of his employment as the agent and servant of Florio.

The circumstances of the case are not so clear and undisputed as to require or permit a decision of the question of Massaro's agency as one of law; rather it presents a question of fact for the jury.  *Ritchie* v. *Waller,* 63 Conn. 155, 161, 28 Atl. 29.

It is conceded that the accident occurred within the period of Massaro's employment, viz., between seven in the evening and seven the following morning.  Notwithstanding some conflict of testimony as to certain details, it is clear and the jury could reasonably have found, that during that period and save for the occasional presence of Florio of an evening, the entire control and management of the garage was entrusted to Massaro; he was, as he testified, the "Boss" of the garage; that the contract of service made no specific provision for obtaining his evening meal; that on vari-

ous occasions when Florio visited the garage in the evening, Massaro went out for this meal, sometimes to a restaurant and sometimes to his own home which was about a mile away, and in the latter event used one of Florio's cars for the purpose, all with the knowledge and consent of Florio, who sometimes told him to hurry back; that on the evening in question Florio was not at the garage, and as neither of Florio's cars was available, Massaro took a truck belonging to a storage patron which he had used on a previous occasion for that purpose, though without obtaining permission from the owner. He was thus on the way to his home for his meal when the accident occurred.

It is not claimed that the rules of law governing this question of agency were not correctly explained to the jury and its verdict for the plaintiff shows that it held Massaro to have been the agent of the defendant Florio. The precise question before us is whether upon the evidence that conclusion is one which the jury could reasonably and fairly have reached.

In denying the agency it is the contention of Florio that at the time of the accident Massaro was engaged upon a purely private concern of his own; that he had definitely departed from and was acting outside the scope of his employment. The question is to be tested by the rule stated in *Hickson* v. *Walker Co.*, 110 Conn. 604, 610, 149 Atl. 400: It "is a question apart from whether he was engaged upon his employment, at the time of the accident. Its decision involves consideration of whether it occurred within the time of the employment or not, and at a place, though outside the authorized course of the employment, which either as a matter of law, or as one of fact, could be regarded as an incidental or slight deviation, or, if the deviation was substantial, whether it was so substantial as to constitute it a complete departure, and the weighing

of the nature and extent of the deviation, the surrounding facts which characterize and explain it, and the intention and purpose of its making."

The accident occurred within the period of the employment. Moreover, it is obvious that the custom of Massaro in going out for his meal, using a car to facilitate his early return to the garage, was well known to Florio, and that the latter's tacit consent thereto implied a recognition of its reasonable necessity for the furtherance of the purpose of the employment. 1 Clark & Skyles, Law of Agency (1st Ed.) p. 526 (b).

We cannot assent to the appellant's contention that in leaving the garage for the sole and necessary purpose of getting his evening meal, under the circumstances disclosed, Massaro was engaged upon "his own private concern" unconnected with his employment.

In an earlier case it appeared that the defendant's car was being used by an employee of a theater in posting bills. The defendant claimed that the driver had been instructed by the master to bring the car to the front of the theater each day at noon and leave it there while he went to lunch. On the day in question he was late, and instead of taking the car to the theater at lunch time he drove to a store to make a purchase of his own and then started toward his own home for lunch. The accident happened before he reached there. The defendant claimed he was outside the scope of his employment when the accident occurred. We held the evidence warranted the conclusion that the driver reasonably believed the essentials of his employment would be better served by thus going first to his lunch than by first taking the car to the theater, and so adopted the course he did in an attempt to aid the work of the employer. Under these circumstances we sustained the conclusion that the driver was acting within the scope of his employ-

ment and the employer was liable. *Butler* v. *Hyperion Theatre Co., Inc.*, 100 Conn. 551, 554, 555, 124 Atl. 220; *Schrayer* v. *Bishop*, 92 Conn. 677, 104 Atl. 349. It does not appear that Florio had ever forbidden Massaro to use any of the stored cars. Even if, as the defendant contends, the use of the truck by Massaro was an unauthorized act, yet it cannot be said that going to lunch in that way necessarily brought Massaro outside the scope of his employment.

Massaro testified that as the man in charge of the garage, he thought he had a right to use the truck and it was clearly his intention thus to facilitate his early return to the garage. "The intent of a driver of a vehicle in following a certain course of conduct, even if disobedient, is a material element in determining whether or not his conduct was in the execution of the master's business within the scope of his employment, or was conduct indulged in contrary to his duty and solely for a purpose of his own." *Butler* v. *Hyperion Theatre Co., Inc., supra,* at page 555; *Ritchie* v. *Waller,* 63 Conn. 155, 161, 28 Atl. 29; *Donahue* v. *Vorenberg,* 227 Mass. 1, 116 N. E. 246.

It is a rule of public policy which decrees that the master shall be liable when the negligent acts of the servant are done in the execution of the master's business for which the servant was employed, and this is so though the servant's act was unauthorized or even contrary to the master's instructions. "A deviation from the employment arising either through the negligence, heedlessness or disobedience of the servant, or for his own business, purpose, or pleasure, which is slight and not unusual, while he is still engaged upon his master's employment, will not relieve the master from responsibility." *Greenberg* v. *Lotz Asbestos Co.,* 109 Conn. 441, 446, 146 Atl. 834; 2 Mechem, Agency (2d Ed.) § 1900; 22 A. L. R. 1404.

The jury could reasonably have found that Massaro had the implied if not the express authority of Florio to go out for his lunch, using a car to shorten his absence from the garage, and that even if the use of this particular truck was unauthorized, Massaro did not intend to and did not depart from or act outside the scope of his employment and did not embark upon an enterprise purely for his own purposes.

There is no error.

In this opinion the other judges concurred.