## Lucy H. Neville *vs.* Vincenzo Adorno.

Maltbie, C. J., Hinman, Avery, Brown and Jennings, Js.

Argued October 14th—decided December 9th, 1937.

396

*Jacob Schwolsky,* with whom were *Bertrand E. Spencer* and *John W. Joy,* for the appellant (plaintiff).

*DeLancey Pelgrift,* for the appellee (defendant).

HINMAN, J. In deciding whether an unauthorized deviation from the employment is so slight and not unusual as not to relieve the employer from liability, or of such a character as to constitute a temporary abandonment of the employment "the trier must take into account, not alone the mere fact of deviation, but its extent and nature relatively to time and place and circumstances, and all other detailed facts which form a part of and truly characterize the deviation, including often the real intent and purpose of the servant making it." *Ritchie* v. *Waller,* supra, p. 165; *Hickson* v. *Walker Co.,* 110 Conn. 604, 610, 149 Atl. 400. "No definite and determinative test can be made other

than to apply to each situation the standard, was the act of the servant reasonable in the light of his employment and the circumstances surrounding his act? Ordinarily the application of this standard to the facts will be one of fact." *Greenberg* v. *Lotz Asbestos Co.,* supra, p. 446; *Butler* v. *Hyperion Theatre Co., Inc.,* supra, p. 556. Only when the deviation is clearly of the one character or the other can its effect upon the employer's liability be determined as matter of law. In most cases it is a question of fact, depending upon the nature and extent of the deviation and all the attendant circumstances. *Ritchie* v. *Waller,* supra, p. 161.

The like is true when a servant is found to have departed from his employment but it is claimed that, before the occurrence of the event from which the cause of action arose, the servant had resumed his employment. "The purpose of the servant coupled with a reasonable connection with the period and the place of the alleged resumption in their relation to the character of the employment are all elements to consider. The place must be within the immediate area or zone of his employment when the deviation first began." *Greenberg* v. *Lotz Asbestos Co.,* supra, p. 448. The time elapsed between the departure from employment and the claimed resumption also would be among the significant circumstances. See notes, 22 A. L. R. 1409, 45 A. L. R. 486, 68 A. L. R. 1056. In the cases in this State in which liability has been imposed upon the employer for negligence of a servant if the latter is found to have been, at the time, returning to his normal duties after a deviation or departure, the original deviation or departure was by authority or with consent of the employer. *Mastrilli* v. *Herz,* supra, p. 706, and cases cited. In this case the effect of the driver's course of conduct upon the defendant's

liability was a question of fact as to which, upon the finding, the trial court's conclusions were warranted.

There is no error.

In this opinion the other judges concurred.