ANDREW DENOS v. EUGENE GIOVANELLI ET ALS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued June 8th—decided June 30th, 1938.

*Jeremiah D. Shea,* with whom was *John Clark Fitz-Gerald,* and, on the brief, *David E. FitzGerald, Jr.,* for the appellants (defendants).

*Benjamin Krevit,* for the appellee (plaintiff).

AVERY, J.   Luigi and Amelia Giovanelli are husband and wife and live at 63 Terrace Avenue in West Haven with their sons, Evio, Eugene and Lawrence. On the morning of April 6th, 1937, Eugene took a Dodge truck from a garage on the premises and backed into the avenue.  He then turned the truck to the east facing Campbell Avenue and parked it on the side of the road near the gutter while he went into the house for breakfast.  While the truck was so parked the plaintiff left his home to the west of defendants' house and walked down Terrace Avenue toward Campbell Avenue, where he intended to take a trolley to go to his day's work.  There is a sharp descent toward Campbell Avenue from the place where the truck was parked.  While the plaintiff was walking nearly in the center of the road, the truck of its own motion, with no one therein, went down the hill and struck him, causing injury.  The braking mechanism of the truck was defective, the teeth in the ratchet which engaged the emergency brake being so worn that the brake would hold only in one position.

No question was made at the trial or on this appeal that the plaintiff was in the exercise of due care and that the act of Eugene in parking the truck at the top of the hill was negligence; the only question raised is whether the trial court was correct in finding that Luigi and Amelia Giovanelli, the appealing defendants, were the owners at the time and that Eugene was acting as their servant and agent.

Upon this question the trial court among others found the following facts: In the year 1932, Luigi Giovanelli, a carpenter by trade, with his wife, Amelia, became engaged in the business of selling ice, fuel oil and coal.  They had a storage tank on Terrace Avenue where they resided and deliveries of the product were made by truck to customers.  Their three

sons all became active in working for their parents. After about a year Luigi and Amelia opened a place of business on Dixwell Avenue in New Haven and thereafter had another on Gilbert Avenue in West Haven. On April 6th, 1937, three trucks were used, an International, a Diamond T and a Dodge. The International was purchased in 1932 by Luigi and constantly used. Amelia was a co-owner of this truck and it was listed for taxation in her name by Luigi, with her assent and as her agent, in the town of West Haven, during the years 1933, 1934, 1935 and 1936 and she paid the tax assessed thereon. The Diamond T truck was purchased in July, 1936, by conditional bill of sale in the name of Evio, but in fact was purchased by Luigi and Amelia and was listed for taxation in the town of West Haven, in October, 1936, in the name of Amelia by Luigi as her agent and by her assent, and the tax thereon was paid by her. Two trade names were used in carrying on the business, "The United Fuel and Oil Company" and "Giovanelli & Son" and bill heads were used bearing these names. At the Gilbert Avenue place a telephone was installed under the name of "United Fuel and Oil Company," and Eugene in distributing the products wore a shirt bearing that inscription.

In the years 1935, 1936 and 1937, applications were made for the sale of fuel oil addressed to the fire marshal of New Haven and were granted in the name of Giovanelli & Son, 63 Terrace Avenue. In conducting the business both Luigi and Amelia were accustomed to visit the places on Dixwell and Gilbert Avenues and during the first part of the year before the plaintiff was injured Luigi was frequently at the Dixwell Avenue place. On the day the plaintiff was injured the overhang of the windshield on the Dodge truck which struck him bore the words, "United Fuel

and Oil Company." When the parents first began to operate the business in 1932, Eugene was fifteen years of age and in school, Evio was eighteen years of age and had just left high school; and for some time prior to the date of the plaintiff's injuries all three sons lived with their parents and worked for them in the business, receiving board and wages. The sons when operating the trucks delivered products at houses where signs, "The United Fuel and Oil Company" were displayed. The defendant Luigi also drove a truck with the sign, "Giovanelli & Son" painted thereon. The defendant Amelia was accustomed to make some sales of fuel oil at the house where they resided. The Dodge truck was purchased in May, 1936. The sale was made to the son, Evio. At that time he had become of age and it was registered in his name. The trial court found, however, it was purchased for the benefit of the business and was registered in his name to conceal the interest of his father and mother therein, and that no one of the sons had any interest in carrying on the business except as servants and agents of their parents. The court further found that the truck was backed out of the garage by Eugene and parked in front of the house in the course of his employment as the beginning of his day's work, his usual and customary practice being to leave it there while he went into the house for breakfast.

In addition to these facts the trial court found that in an action brought by Amelia Giovanelli against the Connecticut Light & Power Company and tried in the Court of Common Pleas in New Haven County in June, 1936, Amelia expressly admitted that on April 22d, 1935, she was the owner of the International truck, that at that time she was carrying on the fuel oil and ice business, that the truck itself was used in

connection therewith, that her sons worked for her and under her direction, and that she was accustomed in the conduct of the business to go to the place on Dixwell Avenue. The court further found that the defendant Luigi admitted to the plaintiff after the injury that Eugene was in his employ.

The above facts, which we have recited at some length, are sufficient to justify the conclusion of the court that the appealing defendants were the owners of the business and of the trucks engaged therein; and that, at the time when the plaintiff received the injury, Eugene was acting as the servant and agent of the appealing defendants and within the scope of his employment. The defendants in their appeal have asked for numerous additions to and corrections of this finding, but the record shows that the facts found by the trial court are supported by evidence and no correction of the finding is permissible by which the position of the defendants would be materially advantaged. In its ultimate analysis the question is one of fact and the judgment of the trial court based upon its finding must stand.

There is no error.

In this opinion the other judges concurred.