ANGELINA SCALORA ET AL. *v.* JOHN J. SHAUGHNESSY ET AL.

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued October 9—decided December 17, 1963

*Snow G. Munford,* for the appellants (defendants Bartenstein).

*Sebastian J. Russo,* for the appellees (plaintiffs).

KING, C. J. The plaintiffs sued to recover damages for personal injuries claimed to have been sustained

by them in the late forenoon of October 10, 1956, when a motor car operated by the plaintiff Angelina Scalora, in which the plaintiff Joseph Scalora, Jr. was a passenger, collided with an automobile operated by the defendant John J. Shaughnessy. Recovery was also sought against Edward I. Bartenstein and Sam Bartenstein, doing business under the name of B and B Auto Sales. The jury returned a verdict for each plaintiff against all defendants. Only the defendants Bartenstein, doing business as B and B Auto Sales, hereinafter referred to as the defendants, have appealed, and their appeal does not call into question Shaughnessy's liability. It raises only the question of their liability for the acts of Shaughnessy.

The defendants denied that they owned the car operated by Shaughnessy and also that he was their agent at the time of the accident. The plaintiffs relied on the statutory presumption of agency created by General Statutes § 52-183.[1] This statute, however, would apply only if the plaintiffs proved that the Shaughnessy car was owned by the defendants. See *Preferred Accident Ins. Co.* v. *Grasso,* 186 F.2d 987, 990 (2d Cir.). Thus, we first consider the question of ownership of the automobile driven by Shaughnessy, which bore dealer's number plates

---

[1] "Sec. 52-183. PRESUMPTION OF AGENCY IN MOTOR VEHICLE OPERATION. In any civil action brought against the owner of a motor vehicle to recover damages for the negligent . . . operation of such . . . vehicle, the operator, if he is other than the owner of such motor vehicle, shall be presumed to be the agent . . . of the owner of such . . . vehicle and operating the same in the course of his employment, and the defendant shall have the burden of rebutting such presumption."

For convenience, statutory references are to the General Statutes, Revision of 1958. This method can properly be employed since the statutes in effect at the date of the accident appear in the 1958 Revision without change material to this opinion.

issued to the defendants. In the case of a privately owned motor vehicle the registration refers to a particular identified car. Such a registration is prima facie evidence—that is, it warrants, although it does not compel, a finding—of ownership of the vehicle described in the certificate of registration. General Statutes §§ 14-1 (26), (36), 14-12, 14-13, 14-18; *Burakowski* v. *Grustas,* 134 Conn. 205, 209, 56 A.2d 461; *Denos* v. *Giovanelli,* 124 Conn. 464, 467, 200 A. 573; *Dunn* v. *Santamauro,* 119 Conn. 307, 308, 175 A. 913; *Chouinard* v. *Wooldridge,* 102 Conn. 66, 70, 127 A. 908.

In the case of a dealer's registration, no particular motor vehicle is referred to or identified. Indeed, the motor vehicle need not, in all instances, be actually owned by the dealer whose number plates are displayed on it. *Shaw* v. *Connecticut Co.,* 86 Conn. 409, 412, 85 A. 536; see General Statutes §§ 14-60, 14-12, 14-58, 14-18.[2] In *Baptist* v. *Shanen,* 145 Conn. 605, 606, 145 A.2d 592, we raised, but did not resolve, the question whether the rule as stated in "cases such as *Dunn* v. *Santamauro,* 119 Conn. 307, 308, 175

---

[2] "Sec. 14-60. USE OF DEALERS' AND REPAIRERS' PLATES. . . . A dealer . . . may loan . . . such number plates to any person for not more than five days in any year, . . . when such person has purchased a motor vehicle, the registration of which by him is pending . . . ." (This statute subsequent to the trial below was substantially amended.)

"Sec. 14-12. REQUIREMENTS FOR REGISTRATION; APPLICATION. No motor vehicle shall be operated or towed upon any highway . . . without first being registered . . . , provided any motor vehicle may be towed for repairs . . . if it bears the markers of a licensed . . . dealer . . . ."

"Sec. 14-58. APPLICATION. GENERAL REGISTRATION OF MOTOR VEHICLES. Each new car dealer, used car dealer or repairer before engaging in such business . . . [shall apply for a license] . . . . Each such licensee shall, instead of registering each motor vehicle owned by him or temporarily in his custody, make application . . . for a general distinguishing number and mark, and the commissioner may

A. 913—that a certificate of registration is prima facie evidence of ownership—is applicable in its full extent in the case of a registration issued to a dealer which, under certain circumstances, may be properly used in the operation of cars not owned by the dealer."

We now must decide the matter left undetermined in *Baptist* v. *Shanen,* supra. Clearly, the defendants, as dealers and the persons to whom the number plates were issued, rather than the plaintiffs, had, or had the means of having, peculiar knowledge of the reasons for the presence of the plates on the car being operated by Shaughnessy. Public policy, as the present case well illustrates, demands that if a dealer's plates are affixed to a motor vehicle, they constitute prima facie evidence of the ownership of that vehicle by the dealer to whom those plates were issued. The jury thus were privileged to find ownership by the defendants of the car operated by Shaughnessy, on which the defendants' number plates were being displayed. Note, 27 A.L.R.2d 167, 175; 9B Blashfield, Cyclopedia of Automobile Law and Practice (Perm. Ed., Bandy) § 6061; see

issue to such applicant a certificate or certificates of registration containing the distinguishing number and mark assigned to such applicant . . . and, thereupon, each motor vehicle owned by such applicant or temporarily in his custody shall be regarded as registered under and having assigned to it such general distinguishing number and mark until sold. . . . Registration certificates issued under the provisions of this section shall not be required to be carried upon such motor vehicles when upon the public highways . . . ."

"Sec. 14-18. ISSUANCE AND DISPLAY OF NUMBER PLATES. (a) Each motor vehicle . . . shall, while in use or operation upon any public highway, have displayed . . . [on it] the number plates assigned by the commissioner . . . . (b) The commissioner shall furnish, . . . as a part of the registration, . . . not more than twenty-four pairs for each general distinguishing registration number of each registered dealer . . . upon application therefor. . . ."

also *Voegeli* v. *Waterbury Yellow Cab Co.*, 111 Conn. 407, 409, 150 A. 303; *DeMarey* v. *Brugas*, 103 Conn. 667, 670, 131 A. 392. Of course, the jury were not required to credit the evidence of the defendants to the effect that (1) Shaughnessy owned the vehicle at the time of the accident; and (2) the defendants had no knowledge as to how it was that their number plates came to be displayed on the vehicle.

Since the jury were privileged to, and obviously did, find ownership in the defendants, § 52-183 of the General Statutes became applicable. Under this statute, a presumption arose that Shaughnessy was operating the car as the defendants' agent. When the presumption applies, it avails "the plaintiff until such time as the trier finds proven the circumstances of the situation with reference to the use made of the car and the authority of the person operating it to drive it, leaving the burden then upon the plaintiff to establish [i.e. prove], in view of the facts so found, that the car was being operated" by the driver as the defendants' agent. *O'Dea* v. *Amodeo*, 118 Conn. 58, 65, 170 A. 486; *Leitzes* v. *F. L. Caulkins Auto Co.*, 123 Conn. 459, 462, 196 A. 145; *Koops* v. *Gregg*, 130 Conn. 185, 188, 32 A.2d 653. Especially in view of the highly improbable testimony of Shaughnessy and the defendants, the jury were amply justified in finding that the statutory presumption of agency had not been rebutted by the defendants.

The defendants complain of the refusal of the court to include in its instructions a request to charge to the effect that dealer plates may under certain circumstances be properly used in the operation of cars not owned by the dealer. See General Statutes §§ 14-58, 14-12, 14-60. There were, however, no claims of proof that the display of number plates

on a car not owned by the defendants came within any of the exceptions in the foregoing statutes permitting such use of dealer's plates. *Sears* v. *Curtis,* 147 Conn. 311, 316, 160 A.2d 742. To have given such an instruction would have been erroneous since it would have injected into the case an issue unsupported by the claims of proof.

Another request to charge was to the effect that if the operator at the time was on his own business, then there would be no relationship of agency between him and the defendants. The defendants' claims of proof as to Shaughnessy's business at the time of the accident came from Shaughnessy himself and were that he was working for "The Hartford Times" on the day of the accident; that his working hours were from 8:30 a.m. to 4:00 p.m.; and that at the time of the accident, about 11:30 in the forenoon, he was going to Colt's Park to eat. If the jury found these claims to be true, then the statutory presumption of agency would be rebutted, and the court so instructed them. See e.g. *Neville* v. *Adorno,* 123 Conn. 395, 400, 195 A. 613; *Leitzes* v. *F. L. Caulkins Auto Co.,* supra, 463; *Amento* v. *Mortensen,* 130 Conn. 682, 686, 37 A.2d 231. This charge sufficiently covered the subject matter of the request, as well as that of two other requests to charge along the same lines.

The plaintiffs attempted to have Shaughnessy identify a paper which gave information as to the ownership and registration of the car he was operating and which they contended he had handed to them at the scene of the accident. Shaughnessy steadfastly disclaimed all knowledge of the paper. The defendants objected to what they claimed was a cross-examination of Shaughnessy on a document not in evidence. The court was entitled to accord

the plaintiffs reasonable opportunity to attempt to have Shaughnessy identify the writing. The questions addressed to Shaughnessy did not amount to a cross-examination as to the contents of the writing. The distinction is brought out in cases such as *Shulman* v. *Shulman,* 150 Conn. 651, 658, 193 A.2d 525.

The other assignments of error do not require discussion.

There is no error.

In this opinion the other judges concurred.