STATE OF CONNECTICUT *v.* BARON MOTORS, INC.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 3-5227

Argued October 28, 1963—decided January 13, 1964

*David S. Grossman,* of Brookfield, and *Robert P. Scholl,* of Westport, for the appellant (defendant).

*Howard J. Moraghan,* assistant prosecuting attorney, for the appellee (state).

PRUYN, J.  The defendant was convicted, after a trial to the court, of violating § 14-60 of the General Statutes, relating to the use of automobile dealers' registration plates.[1]  The defendant has appealed, assigning as error the denial of his motion to correct the finding, the court's conclusion upon the facts, its construction of § 14-60, and its conclusion upon all the evidence that the defendant was guilty beyond a reasonable doubt.

[1] "Sec. 14-60.  USE OF DEALERS' AND REPAIRERS' PLATES.  No dealer or repairer shall rent or allow or cause to be rented, or operate or allow or cause to be operated for hire, or use or allow or cause to be used for the purpose of conveying passengers or merchandise or freight for hire, any motor vehicle registered under a general distinguishing number and mark, provided any dealer in boats may use, or allow or cause to be used, any trailer so registered for the purpose of transporting a boat or boats, together with any necessary equipment, between a demonstration site and his established place of business.  No dealer or repairer shall loan a motor vehicle or number plates or both to any person except for the purpose of demonstration of a motor vehicle, or when a motor vehicle owned by such person is undergoing repairs, or when such person has purchased a motor vehicle, the registration of which by him is pending, and in any case for not more than fifteen days in any year, provided the person operating such loaned motor vehicle or a motor vehicle bearing such

The following facts were found by the court. On May 15, 1963, at 4:45 p.m. Joseph Gazek, a trooper of the Connecticut state police, while on routine patrol at New Milford observed a Chevrolet van truck bearing Connecticut dealer registration plates DE 822 traveling north on route 25 and turning left into the parking area of the Park Lane Apartments. The van contained furniture being delivered by Warehouse Sales, Inc., of Danbury, to an apartment in the Park Lane Apartments. The driver of the van produced a bill listing the articles of furniture being delivered and the prices thereof. The dealer's registration DE 822 had been issued to the defendant. On the following day, May 16, 1963, the van was registered in the name of Warehouse Sales, Inc. This van had been used on other occasions during a period of about two months by Warehouse Sales, Inc., to deliver furniture.

The court denied the defendant's motion to add certain facts to the finding as testified to by the defendant's witnesses and relating to an uncompleted attempt to register the van on May 13, 1963, and to the consummation of the sale of the van to Warehouse Sales, Inc., on that date. These corrections cannot be made. The facts sought to be added are neither admitted nor undisputed though

loaned number plates shall furnish proof to such dealer or repairer that he has liability and property damage insurance which will cover any damage to any person or property caused by the operation of such loaned vehicle for which the operator would have been liable if he had also been the owner. Such operator's insurance shall become the prime coverage. Every dealer and repairer shall keep a record of each loaned number plate showing the date loaned, date returned and the name and operator's license number of the person operating any vehicle with such loaned number plates. Such record shall be available during business hours for examination by any police officer or inspector designated by the commissioner of motor vehicles. Any licensed dealer or repairer may operate or cause to be operated by a bona fide employee such motor vehicle for his personal use and for use in connection with his business as a dealer or repairer."

not contradicted; the trial court is the sole judge of the credibility of the witnesses and may disbelieve the whole or any part of the testimony. *State* v. *Coulombe,* 143 Conn. 604, 607, and cases cited.

In view of the general assignment, we test the ultimate conclusion of guilt by the entire evidence instead of by the facts found, having regard to the finding only as to the court's decision in respect to the testimony. *State* v. *Pundy,* 147 Conn. 7, 8.

Section 14-60 of the General Statutes prohibits a dealer from allowing a motor vehicle registered under a dealer's registration to be operated or used for conveying passengers, merchandise or freight for hire and forbids the dealer from loaning a motor vehicle or number plates to anyone except for the purpose of demonstration of a motor vehicle, or when the borrower's vehicle is undergoing repairs, or when the borrower has purchased a motor vehicle the registration of which by him is pending, and in any case for not more than fifteen days in any one year, provided the person operating such loaned vehicle or plates shall furnish proof of adequate liability and property damage insurance. The purpose of these provisions is to make effective the statutory provision to require the registration of motor vehicles and to prevent avoidance thereof. General Statutes § 14-12; *Gonchar* v. *Kelson,* 114 Conn. 262, 270. It was not intended "that others, under cover of the general number or distinguishing mark of the dealer, should be able to operate cars belonging to or controlled by themselves." *Shaw* v. *Connecticut Co.,* 86 Conn. 409, 412. Provisions of a predecessor statute of a similar nature have been construed as prohibiting the loan of number plates to public service motor vehicles and commercial motor vehicles, and to motor vehicles which have not been purchased. 18 Conn. Atty. Gen. Rep. 168, 170.

We conclude that the facts of this case fall within the prohibition of the first sentence of § 14-60. The defendant cannot avail himself of the provisions of the second sentence of that section. There is no evidence that the truck was loaned for purpose of demonstration or that a motor vehicle of the defendant was undergoing repairs, and while there is evidence that the defendant sold the truck to Warehouse Sales, Inc., on May 13, 1963, the court refused to believe the testimony offered on behalf of the defendant to the effect that the registration of it was pending by declining so to find.

The findings of fact are supported by the evidence and sustain the ultimate conclusion of guilt. On all the evidence, the court was justified in finding the defendant guilty beyond a reasonable doubt.

There is no error.

In this opinion KOSICKI and LEVINE, Js., concurred.