[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs here claim injuries arising out of a motor vehicle accident in which their automobile was struck by an automobile owned by the defendant, but operated by an unknown agent, servant or employee of the defendant. The defendant moves for summary judgment, arguing that there is no genuine issue of material fact with respect to the claim that he was not the owner of the motor vehicle at the time of the accident and, therefore, that he is entitled to judgment as a matter of law.
The defendant's evidentiary submissions in support of summary judgment indicate that some months prior to the accident, the defendant had been admitted to the Institute of Living at Hartford, due to a disability. While there, the defendant instructed his wife to bring the automobile to Dom's Holiday Garage, in order to be repaired. The defendant was informed by the garage that the cost of repairs would be extensive, so, as per the defendant's instructions, his wife transferred the automobile to the garage by negotiating the automobile's title and surrendering possession of the vehicle to the garage in order to allow the garage to junk the vehicle.
The plaintiff, in opposition to summary judgment, relies on General Statutes § 52-183, which provides that:
 [i]n any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption.
The plaintiff notes, and the defendant does not contest, that at the time of the accident the vehicle was still registered in the defendant's name, although the registration had expired, and the vehicle still bore the defendant's license plates.
The fact that the automobile was still registered in the defendant's name and still bore the defendant's license plates, some fifteen months after the defendant allegedly transferred possession of the automobile, presents a question of fact with respect to the issue of whether the defendant owned the motor vehicle at the time of the accident. See Scalora v.CT Page 11221-LShaughnessy, 151 Conn. 252, 255, 196 A.2d 763 (1963) ("In the case of a privately owned motor vehicle the registration . . . is prima facie evidence — that is, it warrants, although it does not compel, a finding — of ownership of the vehicle described in the certificate of registration.") Accordingly, summary judgment should be and is here denied.
McDONALD, J.